9   63,
140   553

DOE, on the demise of PETRO and Another *v.* CASSIDAY.

It was not necessary, under the former practice, that a release, necessary to restore the competency of a witness disqualified by interest, should be actually delivered by the releasor into the hands of the releasee ; it might be deposited in Court, for the use of the absent party.

Where such releases were produced in Court, and made part of the record,— *held,* that they must be presumed to be on file in Court, for the use of the releasee.

An executor empowered by the will to sell real estate devised on a condition subsequent, if the condition should be broken, sold and conveyed the estate by a deed reciting the breach of the condition, but without covenants, and

# 64                    CASES IN THE SUPREME COURT.

May Term,
1857.

Doe
v.
Cassiday.

Tuesday,
May 26.

released all interest in the premises, except as trustee of the power to sell. *Held*, that he was a competent witness for the vendee—the recitals in the deed being only representations, for the truth of which he was not bound.

APPEAL from the *Fayette* Circuit Court.

Davison, J.—Ejectment for a tract of land in *Fayette* county. The cause was tried on the 25th of *March,* 1853. Verdict for the plaintiff. New trial refused, and judgment.

The plaintiff claimed title under a deed executed to his lessor by *John McCray*, as executor of *Phineas McCray*, who died in the year 1842, leaving a will, which contains the following provisions:

"1. I will and bequeath to my wife, *Sarah McCray*, all my real and personal property, during her natural life.

"2. I will to my son *John*, after the death of my wife, forty acres of land, being the farm whereon I now live.

"3. I will and bequeath to my grandson, *Phineas Cassiday*, all the residue of my property, real and personal, after the death of my wife; and further, it is my will, that he provide for and furnish her with food and raiment, and all other necessary things suitable to her age, during the term of her natural life. And further, it is my will, that the said *Phineas Cassiday* pay to my grandson, *Thomas Cassiday*, 200 dollars in one year after my wife's death, and 200 dollars to my grandson *Aaron Cassiday*, in two years after her death, if they shall have come of age, or when they are of age. And further, that he pay to my granddaughter, *Sally Wood*, 100 dollars, in three years after the death of my wife. It is also my will and desire, that my funeral expenses be paid by the said *Phineas Cassiday* out of my personal property."

The will then appoints *John McCray* executor, and proceeds—"If the said *Phineas Cassiday* shall refuse or neglect to do all or any of the above named items, that then, my executor sell my real and personal property so bequeathed to him, at one year's credit, and pay said *Phineas* 1,000 dollars out of the same, and divide the remainder among my living children."

The devise to *Phineas Cassiday* embraces the land in contest. *Sarah McCray*, the widow, died in *June,* 1851, and

in *November* of that year, *John Mc Cray*, the executor, sold and conveyed the premises to the plaintiff's lessor. The defendant is in possession, and claims title under *Phineas Cassiday*, the devisee in the will.

During the trial, the plaintiff produced the executor, *John Mc Cray*, and offered to prove by him that *Phineas Cassiday* had failed and refused to perform the conditions of the will, and had in no manner complied with the requirements therein specified. And the proposed witness, being examined on oath touching his competency, stated that he had no interest in the cause that he knew of; that he had executed releases to his brother, *Samuel Mc Cray*, to be handed over to him by one *Samuel Heron*, the notary before whom they were acknowledged; that he had not seen, or had any communication with, his brother, for six months; and that his brother knew nothing about them. These releases were produced in Court. They are set out in the record, and they cover all his (*John Mc Cray's*) interest in the real estate devised by said will, except the forty acres specially devised to him. At the instance of the defendant, the proposed witness was adjudged incompetent on the ground of interest, and not permitted to testify in the cause.

The devise to *Phineas Cassiday* was plainly upon conditions subsequent. And the estate vested in him immediately, upon the death of the devisor, in virtue of the devise; to be defeated, however, if he refused or neglected to perform any of the conditions specified in the will. Upon such refusal or neglect, power was given the executor to sell and convey the land now in dispute; and as the plaintiff claims under the power, it was incumbent on him to prove that the conditions, or some one of them, had been broken by the devisee. To make this proof, the executor was offered as a witness. Was he competent? This is the only question in the case.

It is said in argument, that the releases of the proposed witness were made without any consultation with the releasee, were never delivered to any one authorized to receive them, and are, therefore, not binding. Mr. GREENLEAF says that it is not necessary that such releases "be

actually delivered by the releasor into the hands of the re-leasee. They may be deposited in Court, for the use of the absent party." 1 Greenl. Ev. s. 429. See, also, *The Madison Insurance Co.* v. *Lostutter*, 4 Ind. R. 558. Here, the releases were produced in Court, are set out in the trans-cript, and are part of the record of the cause. We must, therefore, intend that they are on file in the Court for the use of the releasee, who can procure them at any time. No doubt they constitute a sufficient bar to any interest which the proposed witness, as distributee, or otherwise, had, or may have, under the will, save the specific devise of forty acres.

The deed executed by the executor to *Petro*, the plain-tiff's lessor, is before us. It recites the power to sell and convey given in the will; the death of *Sarah McCray*, the widow, and that *Phineas Cassiday*, the devisee, had, dur-ing her life, refused and neglected to perform all the condi-tions imposed on him by the will; but it contains no cove-nants. Hence, it is insisted that the executor, being the donee of a power, was bound for its faithful execution; that the recitals in the deed bind him for their truth; and that he was, therefore, incompetent as a witness, without a release from *Petro*. As this suit was tried under the old system of procedure, the competency of the witness was a legitimate inquiry.

" With respect to a trustee who is not a party in a cause, and having no interest in the subject-matter of the dispute, except as trustee, the cases are entirely uniform that he is admissible." Cowen and Hill's notes to Phil. Ev. part 1, p. 150. Here, the witness was a mere trustee whose duty it was to execute a power under a will of which he was the executor, and in that capacity he sold and conveyed the property. And it has been decided that executors who have conveyed their testator's right to land without war-ranty, are competent witnesses in an action brought by the vendee respecting the premises. *Burroughs* v. *Thorne*, 2 South. 777. The deed in question, as we have seen, con-tains no covenants; but it does contain a recital which amounts to a representation that the devisee had failed to

comply with the requirements of the will—still, it was a mere representation, and we perceive no reason why the executor should be held bound for its truth; because the fact thus represented was equally open to the inquiries of both parties to the sale. The vendee purchased with a full knowledge of the condition to be performed by the devisee, or if not, it behooved him to inquire and examine as to the title, before he purchased. It cannot be assumed that the recital in the deed induced the vendee to purchase the land; and having received a deed without covenants, his grantor is, in no event, responsible for the validity of the title conveyed. The executor, when he was offered as a witness, had no disqualifying interest in the controversy, and therefore, should have been admitted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid, S. Heron,* and *C. H. Test,* for the appellant.
*J. Perry* and *S. W. Parker,* for the appellee.