*Monday,*
*December* 5.

---

PETRO and Another *v.* CASSIDAY.

18b 289
140 553
143 259
13b 289
146 229

If a devise be made upon a condition subsequent, the estate vests in the devisee immediately upon the death of the devisor, to be defeated, however, if he refuse or neglect to perform the condition. And where a power is given to the executor to make another disposition of the estate in case of such refusal or neglect, and he proceeds under the power, a party claiming under him in a suit against the devisee for possession, must prove condition broken.

Where the evidence showed that the devisee had offered to perform the condition, but the person on whose behalf it was made had refused to accept, and never afterwards asked performance, it was *held,* in support of the verdict of a jury, that the failure to perform was not a violation of the condition, but that the devisee was released from its performance.

APPEAL from the *Fayette* Circuit Court.

*Monday,*
*December* 5.

DAVISON, J.—The appellants, who were the plaintiffs, brought this action against *Cassiday,* for the recovery of a tract of land in *Fayette* county. Defendant answered the complaint by a general traverse. Verdict for the defendant, upon which the Court, having refused a new trial, rendered judgment, &c.

Plaintiffs claimed title under a deed executed to them *November* 26, 1851, by *John McCray,* as executor of *Phineas McCray,* who died in the year 1842, leaving a will, which ·contains these provisions:

1. "I will and bequeath to my wife, *Sarah McCray,* all my real and personal property during her natural life."

2. "I will to my son, *John,* after the death of my wife, 40 acres of land (describing it), being a part of the farm on which I now live."

VOL. XIII.—19

3. "I will and bequeath to my grandson, *Phineas Cassiday*, all the residue of my real and personal property, after the death of my wife; and it is my will that he provide for, and furnish, her food, raiment, lodging, &c., and all other necessary things suitable to her age, during her natural life. And further, it is my will that said *Phineas Cassiday* pay to my grandson, *Thomas Cassiday*, 200 dollars, in one year after my wife's death, and 200 dollars to my grandson, *Aaron Cassiday*, two years after her death, if they shall have come of age, or when they are of age. And further, that he pay to my granddaughter, *Sally Wood*, 100 dollars, in three years after the death of my wife. It is also my will, that my funeral expenses be paid by *Phineas Cassiday*, out of my personal property."

The will then appoints *John Mc Cray*, the testator's son, and *Ebenezer Heaton*, executors, and proceeds: "If the said *Phineas Cassiday* shall refuse or neglect to do all or any of the above-named items, that then my executors sell all my real and personal property so devised to him, at one year's credit, and pay him, *Phineas*, 1,000 dollars out of the same, and divide the residue among my living children."

*Heaton* never assumed the duties of executor under the will; nor does it appear that he ever qualified himself to act in that capacity.

The real estate devised to *Phineas Cassiday*, is the land in contest. *Sarah Mc Cray*, the decedent's widow, died in *June*, 1851; and in *November* of that year, *John Mc Cray*, as executor, &c., sold and conveyed the premises to the plaintiffs. The defendant is in possession, and claims title under a deed from *Phineas Cassiday*, bearing date *January* 27, 1852.

The devise to *Phineas Cassiday* was plainly upon conditions subsequent, and the estate vested in him immediately upon the death of the devisor, in virtue of the devise, to be defeated, however, if he refused or neglected to perform any of the conditions specified in the will. Upon such refusal or neglect, power was given the executors to sell the land in question; and, as the plaintiffs claim under that power, it was incumbent on them to prove that the

·conditions, or some one of them, had been broken by the devisee. *Doe* v. *Cassiday*, 9 Ind. R. 63. Whether the plaintiffs have or have not made such proof, was for the consideration of the jury, and is really the only question in the case.

The record contains the evidence. It shows that *Phineas Cassiday* did not provide for and maintain *Sarah Mc Cray*, the decedent's widow, in accordance with the conditions of the will. But there was evidence tending to prove that he intended to comply with the conditions; that he was ready, and offered to render such provision and maintenance; but that she declined the acceptance of his offer, telling him that she wished to manage her own property— desired to maintain herself—and that, in doing so, she would not require his aid. From the whole evidence, though it was, to some extent, conflicting, the jury were, in our opinion, authorized to find an offer of performance on his part, which she declined accepting; and further, on her part, that she waived the performance of the conditions of the will, so far as they related to her support and maintenance.

The evidence being closed, the Court thus instructed the jury: "The will requires *Phineas Cassiday* to furnish *Sarah Mc Cray* with food, raiment, and all other necessary things suitable to her age, during her natural life. And if you believe from the evidence that he performed all these requirements, or offered, in good faith, to perform them, and she released him from such performance, and preferred to take charge of the estate left her by her deceased husband, and live with her son, *John Mc Cray*, and never afterwards called upon *Phineas Cassiday* to perform the conditions of the will, you may find for the defendant."

In reference to this instruction, it is insisted that *Sarah Mc Cray* had no power to release *Phineas Cassiday* from the performance of many of the conditions of the will. We think otherwise. The condition for her support, &c., was evidently intended for her exclusive benefit. Hence, the release, or waiver of the performance of it, could affect the interest of no one save herself. It seems to follow that

Nov. Term,
1859.

she had a perfect right to waive or release the performance of that condition; and having done so, the case stands as it would have stood, had she been provided for and maintained in the mode pointed out in the will.

Various errors relative to instructions refused, and the charge given, are assigned upon the record; but they will not be noticed, because, having carefully examined the evidence, we are of opinion that it sustains the verdict.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Reid* and *S. Heron*, for the appellants.

*S. W. Parker* and *J. C. McIntosh*, for the appellee.