Nov. Term.
1860.

BOONE
v.
TIPTON.

———————— • • • ————————

## BOONE v. TIPTON.

*A.* devised certain real estate to *B.*, on condition that he would support *C.* during her natural life. Afterward *C.* married and refused to receive further aid from *B.*, and, as the heir of *A.*, conveyed the land. Suit by her vendee, against the vendee of *B.*, to recover the land.

*Held*, that *C.* could not convey until after entry for condition broken.

*Held*, also, that she waived performance of the condition by refusing to receive aid.

*Monday,*
*December* 10.

APPEAL from the *Boone* Circuit Court.

PERKINS, J.—Suit by *Tipton* against *Boone* to recover a tract of land. Recovery below. The land, forty acres, worth about $250, was owned by one *Pickens*. He devised it to one *Wonsetter* on the condition subsequent, that *Wonsetter* should support *Hannah Brown* during her life.

*Wonsetter* commenced furnishing *Hannah* her support. While being so supported, *Hannah* married one *Mann*, left *Wonsetter*, "and refused to receive his aid." There is no evidence that *Wonsetter* ever refused to provide for *Hannah*. *Hannah*, claiming to be the heir of *Pickens*, and further, that the condition for her support was broken, sold and conveyed the land to *Tipton*. *Wonsetter* had before conveyed to *Boone*.

Supposing *Hannah* to be the heir of *Pickens*, still it would seem that she could not convey, in this case, till after entry upon the land for condition broken. See the cases cited in *Leach* v. *Leach*, 10 Ind. 271, and in *Strong* v. *Clem*, 12 *id.* 37. But passing by this point, it is clear that the evidence makes no case for *Tipton*. *Hannah* waived performance of the condition. This branch of the case is covered by *Petro* v. *Cassiday*, 13 Ind. 289.

Nov. Term,
1860.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*A. J. Boone*, for appellant.

