## CLARK ET AL. *v.* BARTON.

WILL. — *Estate Upon Condition.* — A testator devised certain real estate, a farm, to his wife for her life, desiring her to retain possession of certain parts of it, and that A. should remain on and cultivate the farm during the life of the testator's wife, on condition that he would keep the farm in repair and pay annually one-half of the products thereof for the use of said wife and for the purpose of paying taxes, expenses, etc. And if A. should remain on the farm and comply with the requirements of the will, and should survive the testator's wife, then he devised to A. the farm in fee simple; but if the testator's wife should survive A., then he devised the farm to her in fee simple. After the death of the testator, A. sold and conveyed his right, title and interest in the farm to the widow of the testator, who in turn conveyed it to another person. Action, after the widow's death, by the testator's heirs, to recover possession of the land from one holding title through said conveyance of the widow.

*Held*, that the will gave the widow an estate in fee simple, and A. an estate in fee simple on condition; but,

*Held*, also, that whatever were the rights of said devisees as between themselves, the title passed out of the devisor by his will, and no title passed from him to his heirs, who could not have taken advantage of condition broken, the services being due to the widow, who waived them by the acceptance of said conveyance from A.; and the widow having conveyed the land in her lifetime, no title passed to her heirs.

From the Hancock Circuit Court.

*M. E. Forkner* and *E. H. Bundy*, for appellants.

*W. March* and *W. R. Hough,* for appellee.

BIDDLE, C. J. — Complaint by appellants to recover the possession of land.

Answer by appellee, " that Thomas Dungan, on the 27th day of January, 1859, was seized of the land in fee simple, and on that day he made and published his last will and testament, by which he devised the same to his wife, Rebecca Dungan, and his friend, Jesse A. Davidson, in the following words:

" 2. As to the farm on which I now reside, being the east half of the southeast quarter of section four (4), in township fifteen (15) north, of range eight (8) east, in Hancock county, Indiana, I devise and bequeath the same to my beloved wife during her natural life, in the following manner, and with the following limitations: that is, I desire her to retain possession of the dwelling-house in which we now reside, of the garden, orchard, what pasture land she may need, and such part of the barn, stable and other buildings as she may need; and I desire and request my worthy friend, Jesse A. Davidson, to cultivate and remain on said farm during the natural life of my beloved wife, Rebecca, on the following conditions, to wit: that he keep and maintain said farm and improvements thereon in as good repair and condition as good farmers in the county keep their own farms and improvements in, and pay annually, for the use of my beloved wife, Rebecca, and for the purpose of paying taxes, expenses, etc., one-half of the grain and produce raised on said farm (a place not to exceed one-half acre for a garden excepted); the corn to be gathered and delivered in a crib, the wheat and oats to be threshed and delivered in the barn, and hay in the stack — all to be delivered at the proper season, and in as good a condition as the season will permit. In consideration of my love and respect for my worthy friend, the said Jesse A. Davidson, in consideration of the fidelity with which he has attended to my business, and the kindness which he has ever manifested towards me as a friend, and in

consideration that he will remain on the farm, and comply with the requirements of this will, and if he should survive my beloved wife, Rebecca, I devise and bequeath to him, the said Jesse A. Davidson, and to his heirs and assigns forever, the farm above described in fee simple; but should my beloved wife, Rebecca, survive the said Jesse A. Davidson, I then devise, give and bequeath to her and her heirs and assigns the said farm in fee simple."

That afterwards, in December, 1859, Thomas Dungan died, without having revoked the will or conveyed the land; that the will was admitted to probate and recorded, and remains uncontested and in full force; that on the 16th day of February, 1865, the said Jesse A. Davidson sold and conveyed all his right, title and interest in and to said land to the said Rebecca Dungan; and that he had complied with all the requirements of, and fulfilled all the conditions imposed upon him by, the will; that said Rebecca, immediately after the death of the testator, entered upon and possessed the land.

A chain of title is then shown, by several links, from Rebecca to the appellee, who took possession of the land before the commencement of this suit.

To this answer the appellants filed a demurrer, alleging a want of facts as cause, which was overruled, and exception taken. The appellants then replied, admitting the will, its probate and record, as charged in the answer, but averring that Jesse A. Davidson had not complied with the requirements of the will, nor fulfilled its conditions, stating particularly wherein; averring that Rebecca, who died in 1868, took only a life estate by the will; then deducing their heirship from Thomas Dungan, the devisor.

To this reply the appellee filed a demurrer, stating, as cause, the insufficiency of facts, which was sustained. Exception by appellants. The parties stood by their positions, and the court rendered judgment for appellee.

It is not necessary, perhaps, to closely examine what would have been the rights of the devisees, Rebecca and

Jesse, as between themselves; but it is plain to us that the testator intended, by both clauses of the devise, to give, and therefore did give, to Rebecca an estate in fee simple in the land, with an estate in fee simple upon condition to Jesse. It is not a devise to Jesse in fee, with an estate in fee over, upon condition, to Rebecca, for Jesse could take nothing, and Rebecca took all, unless he survived her. One or the other of the devisees would take the entire fee. 3 Bl. Com. 169–175; *Snow* v. *Tucker,* 1 Siderfin, 153; *Pells* v. *Brown,* Cro. Jac. 590; *Taylor* v. *Biddall,* 2 Mod. 289.

The title thus going, in either view, to one or the other of the devisees, it could pass to no one else, nor out of them, except by their own act. It was not for the appellants to take advantage of condition broken—and if they could, it could be done only by demand and entry—for the services were due to the devisee Rebecca, and she waived them by accepting the deed from Jesse. The title vested immediately on the death of the testator; and it is immaterial to this case in which of the devisees it was, or what part was in either; for it is certain that it was in one or the other, or in both. The title is traced from Rebecca to the appellee, by the several conveyances averred in the answer.

We think the answer was sufficient, and the reply insufficient. The court committed no error. *Petro* v. *Cassiday,* 13 Ind. 289; *Boone* v. *Tipton,* 15 Ind. 270; *Wilson's Ex'r* v. *Rudd,* 19 Ind. 101; *Allen* v. *Mayfield,* 20 Ind. 293; *Spurgeon* v. *Scheible,* 43 Ind. 216; *Lindsey* v. *Lindsey,* 45 Ind. 552.

But wherever the title would go by survivorship, alienation or descent, it passed out of the devisor by the will, and hence no title descended from him to the appellants, and none from Rebecca, his wife and devisee, because she had conveyed the land before her death.

The judgment is affirmed.