### RISLEY v. McNIECE ET AL.
### No. 6218.

CONVEYANCE.— Consideration —Condition Subsequent.—A. and wife conveyed certain real estate to B., " and his heirs and assigns forever, after the life-estate of the grantors, as well for and in consideration of the natural love and affection " for B., " as for the better maintenance and support of him, the said " A.

Held, that the better maintenance of A. was part of the consideration of the conveyance, and not a condition subsequent expressed in the deed, that the grantee should thereafter support and maintain the grantor.

CONDITION SUBSEQUENT.—Demand.— Waiver.—Where the condition subsequent is expressed in a deed, that the grantee will thereafter support and maintain the grantor, a failure by the grantor to demand the performance of the condition by the grantee will be deemed a waiver of his right to claim a forfeiture.

From the Knox Circuit Court.

G. G. Reily and W. C. Johnson, for appellant.

T. R. Cobb and O. H. Cobb, for appellees.

HOWK, J.—In this action the appellant, as plaintiff, sued the appellees, as defendants, to have a certain deed, executed to one Riley Risley by the appellant, and described in his complaint, " set aside and held for naught." Answers were filed by the appellees, putting the cause at issue; and the trial thereof by the court resulted in a finding for the appellees, the defendants below. Over the appellant's motion for a new trial, and proper exception saved, the court rendered judgment on its finding against him, for the appellees' costs.

The only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial; and the only causes assigned for such new trial were, that the finding of the court was contrary to law, and was contrary to law and evidence.

It is necessary, we think, to a proper understanding of the questions presented for our decision, and discussed by the counsel of the respective parties, that we should first give a summary of the facts of the case, as we gather the same from the record. On the 20th day of April, 1867, the appellant, James Risley, and his wife, Sarah, signed and acknowledged the deed which is the subject of this suit. By this deed, the grantors therein conveyed and confirmed unto their son, Riley Risley, then in full life, the real estate in Knox county, Indiana, particularly described therein. We set out in this connection so much of this deed as seems to us necessary to the proper presentation of the questions for decision, as follows:

"This indenture witnesseth, from this date, October the first, one thousand eight hundred and sixty-five, that James Risley and Sarah, his wife, of the county of Knox and State of Indiana, of the one part, and Riley Risley, son of the said James and Sarah, as well for and in consideration of the natural love and affection which they, the said James and Sarah, bear to the said Riley, as for the better maintenance and support of him, the said James and Sarah, has given, granted, conveyed and confirmed, and does by these presents give, grant, convey and confirm to the said Riley, his heirs and assigns forever, after the life-estate of the grantors, the said James Risley and Sarah, his wife, reserving the following tracts and parts of of land, to wit," etc.

It is manifest, we think, that this deed was prepared and drafted for execution, at or about the day first mentioned therein, to wit, the 1st day of October, 1865,

although it appeared, that more than eighteen months elapsed after that day, before the deed was signed and acknowledged by the grantors therein. About the time that the deed seems to have been drafted, to wit, in March, 1865, the grantee therein, Riley Risley, moved from his own farm into his father's house, on the land described in said deed, " to take care of his father and mother." For about two months, Riley Risley remained in his father's house, and moved back to his own farm about the last of May, 1865. He never returned to his father's house or to the land described in the deed, except for a temporary purpose; and on the 4th day of December, 1868, he died on his own place, leaving the appellee Sarah McNiece, his widow, and the other appellees, his children, as his only heirs at law. In the summer of 1868, more than one year after the deed was signed and acknowledged by the grantors therein, and nearly three years after it was apparently drafted, the deed was delivered by said grantors to Riley Risley, the grantee named therein, long after he had removed from the land described in said deed, and while he was residing on his own farm. The appellant, James Risley, " had enough means to get along with," and, as a witness in his own behalf, he testified on the trial, that he " never demanded any support of any of the defendants" in this case. The record shows, that the appellant commenced this suit in the circuit court, on the 20th day of April, 1875, more than nine years after the deed in controversy appears to have been drafted, eight years after the deed was signed and acknowledged by the grantors therein, about seven years after the delivery of said deed by said grantors to the grantee therein, and more than six years after the death of said grantee, Riley Risley.

The foregoing are the substantial facts of this case. The appellant claims that the deed in controversy was executed upon the condition subsequent, apparent in the instrument,

that the grantee therein, Riley Risley, should thereafter
support and maintain the grantors, James and Sarah Risley.
Years after the execution and delivery of the deed, and
after the death of the grantee named therein, the appellant
commenced this action against the appellees, as the heirs
at law of such deceased grantee, in which he .seeks to
avoid said deed by the judgment of the court, upon the
ground solely of the alleged breach of such supposed con-
dition subsequent, apparent in the deed, by the grantee and
his heirs at law, in this, that he and they had failed to
support and maintain the grantors, James and Sarah Risley.

In the circuit court, the demurrers of the appellees to the
complaint, for the alleged insufficiency of the facts therein
to constitute a cause of action, were overruled, and their
exceptions were duly saved to these rulings; and their
counsel have devoted much of their elaborate brief of this
cause to the discussion of the supposed errors of the court
in overruling these demurrers.    But we do not find, that
the appellees have assigned, as cross errors, the decisions
of the court in overruling their demurrers, or any other
cross error calling in question the sufficiency of the appel-
lant's complaint; and, therefore, this question is not pre-
sented for our decision.    It is manifest, we think, from the
record of the cause, that it was tried below, and the com-
plaint held to be sufficient, upon the theory that the deed
in controversy was executed by the grantors, upon the
condition subsequent, apparent in the deed, that the
grantee named therein, Riley Risley, should thereafter
support and maintain the grantors, James and Sarah
Risley.

We are not inclined, however, to approve of or adopt
this theory ; for we do not believe that the language, used
in the deed and heretofore set out in this opinion, imported
a condition subsequent.   It is not claimed, that such con-
dition subsequent, if it existed, was created in any other

manner than by force of the language used in the deed and
the grantee's acceptance thereof. By the terms of the deed,
the grantors therein, " as well for and in consideration of
the natural love and affection which they, the said James
and Sarah, bear to the said Riley, as for the better main-
tenance and support of him, the said James and Sarah,"
conveyed to the said Riley, and his heirs and assigns for-
ever, after the life-estate of said grantors, the real estate
described in said deed. It can hardly be said, we think,
that, by the mere acceptance of this deed, the grantee
therein contracted and agreed that he would maintain and
support the grantors in said deed. " The better main-
tenance and support" of the grantors was a part of the
consideration expressed in the deed; but there is not a
word in the deed to indicate that the grantee was to fur-
nish, or that he had not already furnished, this " better
maintenance and support" of said grantors. There is no stip-
ulation in the deed, to the effect that the grantee therein was
to support and maintain the grantors; and therefore it can
not be said, as it seems to us, that the grantee accepted the
deed upon the condition subsequent, apparent therein or
thereby created, that he would thereafter maintain and
support the grantors, James and Sarah Risley.

But the appellant's complaint was held to be sufficient,
and the cause was tried below, as we have already said,
upon the theory that the deed in controversy was executed
by the grantors upon the condition subsequent, apparent
in the deed, that the grantee therein should thereafter
maintain and support the said grantors. Tried upon this
theory, the finding and judgment of the court, as we have
seen, were for the appellees, the defendants below. Upon the
same theory, the question presented for the decision of
this court, by the appellant's assignment of error, is this:
Did the trial court err in finding for the appellees upon
the evidence? Upon this question we have no doubt.

In the case of *Lindsey* v. *Lindsey*, 45 Ind. 552, 567, this court said: " But a condition may be waived by one who has a right to enforce it, and a forfeiture may be saved though a condition has been broken, if the party who has the right to avail himself of the same waives this right, which he may do by acts as well as by an express agreement. 2 Washb. Real Prop., 3d ed., pp. 15, 16 ; *Rush* v. *Rush,* 40 Ind. 83 ; *Doe* v. *Cassiday,* 9 Ind. 63 ; S. C., 13 Ind. 289."

Again, in the same case, this court further said : " It is well settled that before there can be a forfeiture of an estate, held on condition subsequent, there must be a demand on the part of the person entitled to insist upon its performance, whether the condition consists in the payment of money or the performance of some other act, and a refusal on the part of the person in whom the title is vested."

It seems to us, that the court might well have found, in the case at bar, that the appellant had waived the condition subsequent in the deed, if any such condition existed, and his right to insist upon a forfeiture by reason of the supposed breach of such condition, from the fact, appearing in the evidence, that the appellant had delivered such deed to the grantee therein, long after he had removed from the appellant's house and the land described in the deed. But, however this may have been, it is certain, we think, that the evidence not only failed to show a demand made by the appellant for performance of the supposed condition subsequent, but the positive evidence of the appellant, as a witness in the cause, showed very clearly that such a demand had not in fact been made. We are of the opinion, therefore, that, even upon the theory upon which the cause was tried, that the deed in controversy contained a condition subsequent which the grantee and his heirs were bound to perform, the

court did not err in its finding, or in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.