No. 17,118.

## HOSS ET AL. *v.* HOSS ET AL.

WILL.—*Devise Upon Condition to Support Third Person.—Prior Death of Beneficiary.—Condition Subsequent.—Impossibility of Performance. —Condition to Execute Agreement with Executor.—*A testator's will contained these provisions: "Item 1. I give and devise to my sister, Eliza J. Hoss" (a described lot). "Item 2. I give and devise to Flora J. Hoss" (a described lot). "Item 3. The above gifts and devises are made to the said Eliza J. Hoss and Flora J. Hoss to enable them to support and care for my brother, Benjamin Hoss, now insane, as long as he shall live, and these bequests are made upon the condition that the said Eliza and Flora will agree with my executor to do this." Benjamin Hoss, named in the will, died before the testator.

*Held,* That the condition upon which the devised estate depended was the one for support, which was a condition subsequent, that the requirement as to the agreement was merely collateral, and that the estate vested in the devisees and was not defeated because the condition became impossible of performance.

From the Marion Superior Court.

*J. S. Duncan* and *C. W. Smith,* for appellants.

*L. Jordan,* for appellees.

HACKNEY, J.—The questions in this case arise upon the construction of the last will of William Hoss, three items of which will are as follows:

"Item 1. I give and devise to my sister, Eliza J. Hoss" (a lot described).

"Item 2. I give and devise to Flora J. Hoss, the wife of Walter S. Hoss" (a lot described).

"Item 3. The above gifts and devises are made to the said Eliza J. Hoss and Flora J. Hoss to enable them to support and care for my brother, Benjamin Hoss, now insane, as long as he shall live, and these bequests are made upon the condition that the said Eliza J. Hoss and Flora J. Hoss will agree with my executor to do this."

Benjamin Hoss, named in the will, died before the death of the testator.

The appellees sought partition upon the theory that the agreement required by the third item created a condition precedent to the vesting of title, and that the appellants Eliza J. Hoss and Flora J. Hoss took nothing by devise.

The appellants, by cross-complaints, sought to enforce against the appellees, heirs at law of William Hoss, the devises to them, upon the theory of a condition subsequent rendered, by the act of God, impossible of performance and therefore excused.

The superior court sustained demurrers to such cross-complaints, and thereby accepted the theory of the appellees.

Whether the condition, as stated in the will, is precedent or subsequent is the turning point in this case, for, if precedent, and performance is impossible, that contingency can never arise when title will vest. *Gibson* v. *Seymour*, 102 Ind. 485; *Robinson* v. *Wheelwright*, 6 De Gex, M. & G. *535; *Ridgway* v. *Woodhouse*, 7 Beav. 437; 2 Co. Litt. 206b; 2 Redf. Wills, 284; *Roundel* v. *Currer*, 2 (Eng. Ch.) Bro. C. C. *67; *Sprigg* v. *Sprigg*, 2 Vern. 394.

If the condition is subsequent, and title vests under it, such title is not divested because the condition becomes impossible of performance. *Hammond* v. *Hammond*, 55 Md. 575; *Parker* v. *Parker*, 123 Mass. 584; *Conrad* v. *Long*, 33 Mich. 78; *Ridgway* v. *Woodhouse*, supra; *Burchett* v. *Woolward*, 1 Turn. & R. 442; *Thomas* v. *Howell*, 1 Salk. 170; *Merrill* v. *Emery*, 10 Pick. 507; *Jones* v. *Habersham*, 3 Woods, 443; 2 Jarman Wills, 10; Beach Wills, p. 415, section 227; *Laurens* v. *Lucas*, 6 Richardson's Eq. (S. C.) 217; *George* v. *George*, 47 N. H. 27; *Morse* v. *Hayden*, 19 Atl. Rep. (Me.) 443.

A condition precedent is one which must be fulfilled before an estate can vest. Beach Wills, p. 407; 2 Redf. Wills, 283.

A condition subsequent is one upon the fulfillment or nonfulfillment of which an estate which vests *in præsenti,* may be divested. Beach Wills, *supra;* Redf. Wills, *supra; Lindsey* v. *Lindsey,* 45 Ind. 552; *Rush* v. *Rush,* 40 Ind. 83; *Boone* v. *Tipton,* 15 Ind. 270; *Petro* v. *Cassiday,* 13 Ind. 289; *Doe on Demise* v. *Cassiday,* 9 Ind. 63.

A devise upon condition that the devisee will render service or support to another, is a condition subsequent. *Petro* v. *Cassiday, supra; Boone* v. *Tipton, supra; Rush* v. *Rush, supra; Lindsey* v. *Lindsey, supra.*

If the support of Benjamin Hoss were the only elements of the condition expressed by the testator, the question would be decided upon what we have already said, but we find that, while the support of Benjamin Hoss was the first purpose of the testator, the language employed, without ambiguity or shadow of doubt, creates an additional condition, namely, "that the said Eliza J. Hoss and Flora J. Hoss will agree with my executor to do this." If this additional condition were a condition subsequent the position of the appellants would be forfeited by the authorities we have cited. If, however, we should consider this condition as standing alone and as that upon which the estate devised must depend there could be no doubt that the testator would be held to have created a condition precedent. But can it be said that this condition was one, by the intention of the testator, upon which the estate devised must depend? It is conceded that we must get from the provisions of the will the intention of the testator.

As we have said, the central idea and purpose which controlled the devises was the support of the unfortunate brother who, being of unsound mind, could not enforce,

by business tact or legal proceedings in his own right, the obligations charged upon the devisees by the testator. In order that some one should represent the testator, in carrying out that intention, and that the support of the brother might be enforced by legal proceeding if necessary, the executor was chosen as the person to be entrusted with that power and duty, and the devisees were required to execute an enforceable contract. This contract could have been nothing more than that implied by an acceptance of the devises if it had not been designed as a remedy for the enforcement of the testator's object to secure support for Benjamin. That we have correctly interpreted the intention of the testator finds support in the fact that no provision is made for the casting of said property in the event of a broken condition, and in the further fact that the remaining property of the testator was, by the terms of the will, to "descend to his heirs under the laws of the State of Indiana."

The condition under consideration was not, therefore, a condition upon which the estate devised depended. The condition upon which the estate devised depended, was that the devisees should support Benjamin, and that condition, as we have seen, was a condition subsequent. The condition requiring an agreement was, as we have shown, a mere collateral requirement following the vesting of title by the express devises of items one and two of the will, and by the character of the condition subsequent, and it had relation alone to the remedy designed by the testator for the enforcement of his chief desire.

This conclusion is not at variance with the holding in *Gibson* v. *Seymour, supra*, which enunciates the correct doctrine as we understand it, that a condition precedent, however absurd or impossible of performance, will stay the vesting of title until performed. The con-

dition, however, should be one upon which it is found that the testator intended to make title depend.

The judgment of the lower court is reversed, with instructions to overrule the demurrers to the cross-complaints.

Filed Dec. 19, 1894; petition for rehearing overruled April 4 1895.