Gingrich *et al. v.* Gingrich.

---

GINGRICH ET AL. *v.* GINGRICH.

[No. 17,824.   Filed November 12, 1896.]

APPEAL.—*Informal Demurrer.*—A judgment will not be reversed on appeal on account of the informality of a demurrer which was sustained to an insufficient answer to which it was addressed.

PRACTICE.—*Court May Revise Its Ruling During Term.*—The court may, at any time during the term in which the ruling is made, revise its ruling upon a demurrer, and thereby incidentally set aside a judgment entered upon such ruling.

WILLS. — *Construction Of.— Life Estate.— Condition Subsequent.*— Where a testator, after devising to his wife a life estate in certain lands and the remainder over to his son, conditioned that the son should provide a comfortable support for his mother as long as she should live, and that in the event he failed to do so the land at her death should be sold and the proceeds thereof divided equally among testator's children, such provision is a condition subsequent and the title to such real estate vests in the son at the death of the testator, where the testator survived the wife and no alterations were made in the will.

From the Daviess Circuit Court. *Affirmed.*

*Gardiner & Gardiner* and *J. D. Laughlin*, for appellants.

*Hefferman & Mattingly* and *O'Neal & O'Neal*, for appellee.

HACKNEY, J.—The lower court sustained demurrers to a cross-complaint and an answer of the appellants, and overruled their motions to modify the judgment and for a new trial. Previously the court had overruled such demurrers, but, at the same term of the court, had set aside its judgment upon such ruling and, as above stated, sustained them. All of such rulings and the action of the court in setting aside its first judgment are assigned as errors, and the discussion includes the question as to the form of said demurrers. The demurrers were informal, but if the pleadings to which they were addressed were insufficient, that fact is not available to reverse the judgment. *Blue* v. *Capital Nat. Bank*, 145 Ind. 518.

It was not error for the court, at any time during the term in which the ruling upon demurrer was rendered, to revise its ruling, and incidentally to set aside the judgment entered upon such ruling. *Ryon, Rec.,* v. *Thomas*, 104 Ind. 59; *Richardson* v. *Howk*, 45 Ind. 451; *Burnside* v. *Ennis*, 43 Ind. 411.

All other questions in the case depend upon the construction which must be given to the last will of Christian Gingrich, the father of all of the parties to this suit. By the second item of the will he devised to his wife a life estate in forty acres of land, and the third item was as follows: "I also give and bequeath to my son, Peter, the land above and last described, willed to my wife during her life time, at her death to my son Peter, on condition that he takes care of my

said wife, his mother, and provides for her a good and comfortable support so long as she may live, and in case he should fail to provide such comfort said land, at her death, shall be sold and the proceeds divided equally among all my children."

It was provided also, by the fifth item, that the executors should run the testator's farm "for the benefit of Peter Gingrich and Anna Gingrich," testator's wife, "until the said Peter" should become twenty-one years of age, when he should have possession of certain lands conveyed to him by the testator on the day of the execution of the will. Anna Gingrich died before the testator's death.

The position assumed by the appellants is, that Peter Gingrich did not take a vested remainder, but that he was given a contingent remainder, which should vest only upon the condition or contingency of his surviving his mother and having furnished her a comfortable support to the end of her life. The law favors the earliest possible vesting of estates, and will construe the estate given as vesting *in praesenti*, unless an intention to postpone the event is made clear. *Petro* v. *Cassiday,* 13 Ind. 289; *Miller* v. *Keegan,* 14 Ind. 502; *Davidson* v. *Koehler,* 76 Ind. 398; *Harris* v. *Carpenter,* 109 Ind. 540; *Davidson* v. *Bates,* 111 Ind. 391; *Davidson* v. *Hutchins,* 112 Ind. 322; *Amos* v. *Amos,* 117 Ind. 19, 37; *Bruce* v. *Bissell,* 119 Ind. 525; *Heilman* v. *Heilman,* 129 Ind. 59; *Wright* v. *Charley,* 129 Ind. 257; *Borgner* v. *Brown,* 133 Ind. 391; *Fowler* v. *Duhme,* 143 Ind. 248.

In several of the cases just cited, and in *Hoover* v. *Hoover,* 116 Ind. 498, devises similar to that here in question, were held to create vested remainders, and that words of postponement should be construed consistently with the beginning of the enjoyment of the remainder, rather than as deferring the vesting of the

estate, if such construction were not forbidden by the clearly apparent intention of the testator.

The words of the third item of the will, "at her death," cannot, therefore, be held, in and of themselves, to postpone the vesting of the estate in fee-simple or to convert the estate devised to Peter into a contingent remainder. That the devise was subject to a condition is plainly expressed, namely: that he should provide a comfortable support for his mother for the remainder of her life. Such conditions, however, are not regarded as precedent to the vesting of the estate, but have uniformly been accepted as conditions subsequent, the violation of which would forfeit the estate. *Petro* v. *Cassiday, supra; Boone* v. *Tipton,* 15 Ind. 270; *Rush* v. *Rush,* 40 Ind. 83; *Lindsey* v. *Lindsey,* 45 Ind. 552; *Hoss* v. *Hoss,* 140 Ind. 551.

In the latter case, it was held that where the title vests subject to a condition which becomes impossible of performance, the condition is not to be regarded as broken or the title forfeited. See cases there cited.

We find nothing in the will manifesting an intention that these rules of construction should not prevail. Indeed, the intention to give Peter the land in question, notwithstanding the condition expressed should become impossible of performance, seems to be supported by the fact that after Mrs. Gingrich died there would otherwise have been no apparent purpose to maintain the will, and the testator would have destroyed or otherwise revoked it. Another fact consistent with that intention was that Peter was the youngest child and was yet a minor, and that his father expressly charged his farm with Peter's support.

Finding no error in the record, the judgment of the circuit court is affirmed.