SCOBEY *v.* BECKMAN ET AL.

[No. 16,873. Filed May 26, 1942.]

*Lawrence Booram* and *Grace B. DeArmond,* both of Anderson, for appellant.

*J. A. Van Osdol, Arthur A. Beckman,* and *James C. Sansberry,* all of Anderson, for appellees.

STEVENSON, P. J.—This action was brought by Arthur A. Beckman and James C. Sansberry, as executors of the last will and testament of Ella R. Hadley, deceased, for an order to sell real estate, and for the determination of the rights of the parties named in the petition to the remainder of the funds derived from the sale of real estate after the payment of debts.

The appellant, Ernest C. Scobey, by answer claimed the remainder of said funds as residuary legatee under the will, and the appellee, Reed D. Scobey, by answer claimed an undivided one-fourth interest in such remainder under the theory that such property passed by operation of law.

The case was submitted to the court for trial, and the court ordered a sale of real estate, and subsequently adjudged that the board of trustees of the First Methodist Episcopal Church of Anderson, Indiana, and its successor, was entitled to the funds derived from the sale of real estate after the payment of the debts. It is from this judgment that this appeal has been taken. The error assigned in this court is the alleged error in overruling the appellant's motion for a new trial.

The determination of the question presented by this appeal involves a consideration of item 15 of the will of Ella R. Hadley, deceased. This item reads as follows:

"I give and devise to the Board of Trustees of the First Methodist Episcopal Church of Anderson, Indiana, for use as a parsonage for said Church, my real estate, consisting of my house, garage and grounds at No. 738 West Eighth Street in the City of Anderson, Indiana, upon this condition: that the same shall be used as a parsonage for said

Church and that no part of said property or grounds shall be sold or rented, but that the same be kept intact for such parsonage. This I give as a memorial for my beloved son, Harry O. Scobey, who deceased many years ago. This devise is upon the further condition that said Board of Trustees shall furnish and place in a proper place upon said house a metal plate showing that this property was given to said Church as a memorial for said Harry O. Scobey by his mother, Ella Reed Scobey (my name before my marriage to George W. Hadley) : said plate and the placing thereof to be to the approval and satisfaction of the Executors of this my will.

"I direct my said executors to deliver to said Board of Trustees of said First Methodist Episcopal Church, of Anderson, Indiana, for use in said parsonage, such articles of furniture and furnishings in my said home which shall not have been specifically bequeathed to other persons, which said Board of Trustees may desire for use in said parsonage and which in the judgment of the executors of this my will should be delivered to such Board; Provided, however, that such delivery of such personal property shall not interfere with the operation of the trust created by Item 16 hereof."

No question involving the necessity for the sale of this real estate is involved, and the evidence is uncontradicted that from the $7,000.00 derived from the sale of this real estate, the disposition of the $5,000.00 remaining after the payment of debts and expenses, is the vital issue presented by this appeal.

The appellant contends that item 15 of the will was either void as being in violation of the statute against perpetuities, or had entirely lapsed because of impossibility of performance; and there is no circumstance which permits the application of the *cy pres* doctrine.

The appellant accordingly contends that since item 15 of the will was either void or its provisions had lapsed, the balance of the money received from the

sale of real estate became subject to the residuary clause of the will. This residuary clause was item 16 of the will which provided for an annuity in favor of the appellant sufficient to yield him $35.00 or $40.00 per month during the remainder of his life.

The appellee contends, on the other hand, that since the condition imposed upon the devisee forbidding the use of the property for any purpose except that of a parsonage was in restraint of the power of alienation, and, therefore, void, the other dependent conditions also fail because of impossibility of performance, and the church, accordingly, became vested with title to the property free from such attempted limitations.

We cannot agree with the appellant that item 15 of the will is void because it violates the statute against perpetuities. By item 15 of the will the testatrix gave and bequeathed to the board of trustees of the First Methodist Episcopal Church of Anderson the real estate in question, the same to be used as a parsonage for said church. In our opinion, this constitutes a charitable use. It was the obvious intention of the testatrix that the property devised should become the property of the church, and should always remain the property of the church, and should neither be sold nor rented, but should "be kept intact for such parsonage."

It is apparent that the testatrix, by this item in her will, desired to do something for the support of the church, and to aid in the dissemination of the Christian religion. The use to which the property is dedicated and the purpose for which the bequest is made determines largely the character of the devise. The rule is generally recognized that: "A trust for the advancement of religion is charitable." Restatement of the Law on Trusts, Vol. 2, § 371, p. 1149.

Under this general statement, there appears in the Restatement of the Law on Trusts the following comment: "Trusts for the advancement of religion include trusts to build or maintain a church building; to erect or maintain a monument, memorial window or other part of the church building; to maintain a burial ground in connection with the church; to supply music for the church; to pay the salary of a clergyman; to disseminate religious beliefs or doctrines; to establish or maintain domestic or foreign missions; to distribute Bibles and other religious literature."

In a country such as ours, all religious activities must depend for their support upon the voluntary contributions of individuals. It would seem, therefore, ▮▮▮ that all such contributions designed to promote the work of the church are charitable in nature.

"Whenever the end is truly pious, the law must esteem donations to promote it as really charitable. It necessarily follows, therefore, that all gifts and grants in trust, for the support of public worship and religious instruction, or for the advancement of piety, are valid as charitable trusts, and will be carried into effect." 10 Am. Jur., Charities, § 55, p. 624.

As this court has said: "Courts are and should be keen sighted to discover on the part of the testator an intention to make a gift to charity." *Barr, Trustee* v. *Geary, Auditor* (1924), 82 Ind. App. 5, 29, 142 N. E. 622.

It is our opinion, therefore, that a bequest for the support of a minister, or for the payment of a minister's salary, or the furnishing of a house in which a ▮▮▮ minister may live, should all be recognized as gifts for charitable uses. The fact that the testatrix also desired to perpetuate by this gift the memory of her deceased son, does not render this devise less

charitable. "The true test of a legal public charity is the object sought to be attained, and not the motive of the donor in establishing the trust." 10 Am. Jur., Charities, § 13, p. 594.

A case similar to the case at bar is that of *In re Estate of Douglass* (1913), 94 Neb. 280, 282, 285, 287, 143 N. W. 299. In this case there was a devise ■ to the First Congregational Church of Seward, Nebraska, of certain residence property, "to be used by said church society as a parsonage so long as said church shall remain the First Congregational Church or Church Society of Seward, . . ." The court, in discussing the question as to whether or not this devise was a gift to public charity, said:

"The gift to the church in question seems clearly to be a gift for charitable purposes.

. . .

"It is argued by the appellant that the interest of the church in the dwelling is at best a tenancy, or license, to cease upon certain conditions. It is apparent, however, from the language of the will that the testatrix intended to give the church some sort of an estate in the property. It is also apparent that that estate is what in law is considered a base or qualified fee. 'A base or qualified fee is such an one as hath a qualification subjoined thereto, and which must be determined whenever the qualification annexed to it is at an end.' 1 Blackstone, Commentaries (Cooley, 4th ed.) 109. The estate is a fee because by possibility it may endure forever in a man and his heirs, yet as that duration depends upon concurrence of collateral circumstances which qualify and debase the purity of the donation, it is therefore a qualified or base fee. If the happening of the event upon which the estate is to be determined becomes impossible, it is converted into an estate in fee simple."

It follows, therefore, that if the devise in question is a charitable devise, it does not fall within the provision

of the statute prohibiting the creation of perpetuities. *The City of Richmond* v. *Davis* (1885), 103 Ind. 449, 3 N. E. 130; *Dykeman* v. *Jenkines* (1913), 179 Ind. 549, 101 N. E. 1013.

Since this devise is not void, the next question which naturally presents itself is as to the nature and character of the estate which this item of the will conveyed. It is our opinion that the legal effect of item 15 of the will above set out was to vest in the board of trustees of the First Methodist Episcopal Church of Anderson, and its successors, a qualified or determinable fee in the real estate described. This property was conveyed to the trustees of the church forever, subject only to the condition that it should be used and kept intact for the purposes of a parsonage. This condition as to use is clearly a condition subsequent. A condition subsequent has been defined in this State as, "one upon the fulfillment or nonfulfillment of which an estate which vests *in praesenti*, may be divested." *Hoss* v. *Hoss* (1894), 140 Ind. 551, 553, 39 N. E. 255.

In this case last cited, our Supreme Court held that: "A devise upon condition that the devisee will render service or support to another, is a condition subsequent."

It was obviously the intention of the testatrix that the First Methodist Episcopal Church of Anderson should own this property forever, if it would use and continue to use it as a parsonage. It was also her intention that this property so used should constitute a memorial to her son; for the trustees of the church were charged with the duty of furnishing and placing in a proper place on said property a metal plate showing that this property was so given to this church. These conditions could only be fulfilled after the church acquired title. Title accordingly was vested in the trustees of the church immedi-

ately, and this title is what is known in law as a qualified or determinable fee. Such fee has been defined as follows:

> "Chancellor Kent, in 4 Kent's Comm. 10 says: 'A qualified, base or determinable fee is an interest which may continue forever, but the estate is liable to be determined without the aid of a conveyance, by some act or event, circumscribing its continuance or extent. . . . It is the uncertainty of the event, and the possibility that the fee may last forever, that renders the estate a fee and not merely a freehold.'
> "It has been held that a conveyance of real estate to a religious society to hold so long as such real estate shall be devoted to the use and interest of the church, on the condition that said real estate should revert to the estate of the grantor on the cessation of such use, created in said religious society a determinable fee in the property." *Mendenhall* v. *First New Church, etc.* (1912), 177 Ind. 336, 342, 98 N. E. 57.

In the light of these rules, it is clear that upon the death of the testatrix there was cast upon the board of trustees of the First Methodist Episcopal Church of Anderson a qualified or determinable fee in the real estate described in item 15 of the testatrix' will.

The record discloses, however, that the conditions subsequent involving the use of the property could not be fulfilled because a portion of the property was required by the executor of the will for the payment of debts. The conditions, therefore, touching the use to which the property should be put became, so far as the devisees were concerned, impossible of performance. This operated to vest title in the trustees in fee simple, free and clear of any condition. "Where a condition subsequent becomes impossible of performance, the rule is that the estate granted upon it vest absolutely in the beneficiary as though no condition had

ever been attached." Thompson on Wills, § 377; *Hoss* v. *Hoss, supra.*

It is our opinion, therefore, that under the conditions disclosed by this record, the appellee Board of Trustees of the First Methodist Episcopal Church of Anderson, Indiana, or its successor, the Board of Trustees of the First Methodist Church of Anderson, Indiana, became vested with the fee simple title to the real estate in question upon the death of the testatrix, subject to its proportionate share of the debts and liabilities of said estate (§ 6-1304, Burns' 1933). The trial court was not in error in awarding to said appellees the proceeds derived from the sale of such real estate, after its proportionate share of the debts were paid.

There was accordingly no error in overruling the appellant's motion for a new trial. It is our opinion that this judgment was a final determination of the issues presented to the trial court, and the same is not interlocutory in character. This court accordingly has jurisdiction of this appeal; and the motion to dismiss this appeal is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 847.