## Case No. 1,553.

### BLODGET v. BRENT.

[3 Cranch, C. C. 394.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

DOWER—BAR BY TAX SALE — ESTATE OF WIDOW BEFORE ASSIGNMENT—RIGHT TO REDEEM —TAXATION—LIABILITY FOR TAXES —TITLE ACQUIRED BY PURCHASER AT TAX SALE.

1. A widow cannot be barred of her dower by a tax sale, either under the act of congress laying a direct tax, or for the county taxes; nor by a sale under a decree in the lifetime of the husband.

2. A purchaser at a sale for taxes acquires only the right of the person in whose name the property was assessed.

3. A widow, before actual assignment of her dower, has no estate in the land. It is an incumbrance upon the land, into whose hands soever it may pass; but she is not seized, and has no right to enter, or to pay the taxes, or to redeem the land when sold for taxes.

4. The tenant, until assignment of dower, is bound to pay the taxes.

At law. Writ of dower in forty-two acres of land. By the case stated, it appears that the marriage, the seizin in fee by Samuel Blodget, the husband [of Rebecca Blodget, plaintiff], during the coverture, and his death in 1814, were admitted. On the 14th of October, 1816, the defendant [Robert Y. Brent] purchased the premises at a sale made under a decree of this court against the husband in his lifetime, (namely, in 1813.) On the 28th of February, 1817, the defendant purchased the same premises again, at a sale by a collector of the United States direct tax due for the year 1815. On the 21st of November, 1818, the defendant received a deed from the trustee under the decree of this court. On the 31st of July, 1822, the defendant purchased the premises again, at a sale by a collector of the county taxes due for the years 1812 to 1819, and received a deed from him on the 25th of September, 1822. On the 23d of May, 1827, the defendant received a deed from the collector of the United States tax. These sales are all admitted to have been correctly made; and the question is, whether they are a bar to the plaintiff's right of dower.

[For verdict on the writ of dower, see Blodget v. Thornton, Case No. 1,554.]

Mr. Hall, for the plaintiff, rested her case upon the admission of the marriage, seizin in fee of the husband during the coverture, and his death in 1814.

Mr. Worthington, for the defendant, contended that the plaintiff's right vested before the tax sale, and by that sale passed to the defendant. The land itself was sold. It was her own neglect in not paying the taxes and obtaining an assignment of dower by the tenant, who was not bound to pay the taxes upon her third part of the land. The taxes were an annual incumbrance; she ought to have paid her part. Mr. W. referred to the Maryland law of 1797, c. 90, § 4, respecting the sale of lands for county taxes, and the proceedings therein.

Mr. Coxe, in reply. The wife has no estate in the land until her dower is assigned. Her right, on the death of her husband, was only a right to have dower assigned. It was not her laches; she cannot assign her own dower; she cannot enter on the land; it is the laches of the heir or assignee. The whole freehold descends upon the heir. Cruise, Dig. c. 4, § 1; Id. p. 120.

CRANCH, Chief Judge, after stating the case, delivered the opinion of the court (nem. con.)

These sales are all admitted to have been correctly made; and the question is whether they are a bar to the plaintiff's right of dower. In both the tax sales the property was advertised as the property of Samuel Blodget's heirs, and sold as such. The sale made to the defendant by the trustee, on the 14th of October, 1816, was not ratified by the court until June 3d, 1818.

The act of congress of the 27th of February, 1815, c. 60 (3 Stat. 216), laying a direct tax on the District of Columbia, requires that the tax should be assessed, laid, and collected in the manner described in the act of the 9th of January, 1815 [3 Stat. 172], c. 21, the 24th section of which declares that

[1] [Reported by Hon. William Cranch, Chief Judge.]

the annual amount of the taxes "shall be and remain a lien upon all lands and other real estate, and all slaves of the individuals who may be assessed for the same, during two years after the time it shall annually become due and payable; and the said lien shall extend to each and every part of all tracts or lots of land, or dwelling-houses, notwithstanding the same may have been divided or alienated in part;" and by the 27th and 28th sections, the lands may be sold if the tax be not paid in one year after notification. The sale for the county tax was made under the act of congress of March 3, 1801, § 4 (2 Stat. 115), which gives the levy court the same power and means to collect taxes which, by the laws of Maryland then in force, were given to the levy courts, or county commissioners, in Maryland. By the Maryland law of 1797, c. 90, so much of the lands charged for the payment of county taxes may be sold by the collector as may be sufficient to discharge the taxes due thereon, if he can find no personal property in the county liable for the same. Neither the act of congress nor the act of Maryland says that the purchaser shall hold the property free from all incumbrance. He would acquire, one would think, nothing more than the right of the United States and of their debtor. The act of congress says that the tax shall be a lien on the lands of the individual who may be assessed for the same; and no land is liable to be sold but the land upon which the tax is a lien. The land of A. cannot be sold if assessed to B. If it be sold as B.'s land, nothing but B.'s title passes. So in Maryland, the land cannot be sold if personal property of the person, in whose name the land is assessed, can be found in the county. If no such personal property be found, then the land is sold as the land of the person in whose name it is assessed; and nothing but his title passes by the sale.

But the case of a widow whose dower has never been assigned is still stronger. No act of the husband or of his heirs could deprive her of her right; yet she has no estate in the land until actual assignment of her dower. Jackson v. Vanderheyden, 17 Johns. 167. It is an incumbrance upon the land into whose hands soever it may pass, but she is not seized, and has no right to enter. If land be sold under a decree in chancery in a case in which the widow is not a party, or under a judgment against the husband, the purchaser takes it with its incumbrance. It would, otherwise, be in the power of the husband or his heirs to deprive the widow of her dower by suffering a judgment, or a sale for taxes, to take effect. Caveat emptor is the rule in both cases. Before assignment of dower, the widow has no right to pay the taxes, or to redeem. She looks to the tenant of the freehold, whoever he may be, and he is bound to pay the taxes until he assigns her dower. The defendant, in the present case, purchased the property under the decree of this court, subject to the plaintiff's right of dower. He was bound to pay the tax. He can gain no new or better title, as against the plaintiff, by suffering the land to be sold for taxes, and buying it himself.