May Term, 1860.

MILLER v. KEEGAN.

Tuesday, June 12.

MILLER and Others *v.* KEEGAN and Others.

Item in a will is follows: "My will and desire is that the farm on which I now live, together with the water grist mill, be rented out and the rents applied to the support and education of my three youngest children, viz., *Isaac*, *Hiram*, and *William M. Miller*, and to the support of my wife, *Anna Miller*, and to keep the said farm and mill in repair, until my son *Isaac* shall attain the age of twenty-one years. At that time, if they see cause, the mill and land to be sold, and the proceeds thereof equally divided by the said *Isaac*, *Hiram*, and *William M. Miller* (my wife, however, reserving to herself her right of dower in said premises during her natural life, and at her death to revert to the said *Isaac, Hiram*, and *William*); but should either die before that time, the whole to descend to the survivor; and should there be any overplus remaining out of the rent, it shall be put out at interest for the benefit of the children." *William M.* died during the minority of *Isaac*, *Hiram* being yet alive; but afterwards *Hiram* died intestate without issue, leaving a widow. After the death of *William M.*, but before that of *Hiram*, *Isaac* conveyed his undivided half of the property derived from the will, to one *Cox*.

*Held*, 1. That upon the death of *William M.*, if not at the death of the testator, the home farm and mill vested in *Isaac* and *Hiram*, subject to the widow's right of dower.

2. But if the property did not vest till the majority of *Isaac*, he and *Hiram* then became tenants in common of it.

3. That where in the construction of such a clause in a will, there is a doubt as to which point of time it was intended the estate should vest, the earliest will be taken as being the most equitable to the heirs of all the devisees.

4. That *Isaac* inherited nothing from *Hiram*.

5. That a party claiming under *Cox* could recover to the extent of his interest as grantee of *Isaac*.

APPEAL from the *Warrick* Circuit Court.

PERKINS, J.—*Philip Henry Miller*, deceased, left a will reading as follows:

"I, *Philip Henry Miller*, of *Campbell* township, *Warrick* county, and state of *Indiana*, being poorly in health, but of sound mind and memory (thanks be to Almighty God for his mercies), do make and declare this to be my last will and testament, revoking all other wills that may have been by me made at any previous date.

"*Item.* I bequeath my soul to God who gave it, and my body to the dust, in hopes of a joyful resurrection at the last day.

"*Item.* My will and desire is that all my personal prop-
erty, except such as is hereinafter otherwise bequeathed,
be sold at public auction immediately after my decease,
and the proceeds thereof applied to the payment of my
just debts and funeral expenses; and after these expenses
are duly paid, the balance, if any, together with the amount
of all notes and book accounts due me, to be equally di-
vided between my children, viz., *John Miller, Benjamin H.
Miller, Hiram Miller, Isaac Miller,* and *William M. Miller,*
each to receive his part at the age of twenty-one years.

"*Item.* I give and bequeath to my beloved wife, *Anna
Miller,* one feather-bed [and divers other articles of per-
sonal property].

"*Item.* I give and bequeath to my son, *Benjamin H.
Miller,* a sorrel filly now claimed by him.

"*Item.* I give and bequeath to my son, *Isaac Miller,* a
blaze-faced sorrel filly.

"*Item.* I give my son, *Benjamin Miller,* my rifle.

"*Item.* My will and desire is that the farm on which I
now live, together with the water grist mill, be rented out,
and the rents applied to the support and education of my
three youngest children, viz., *Isaac, Hiram,* and *William
M. Miller,* and to the support of my wife, *Anna Miller,*
and to keep the said farm and mill in repair, until my son
*Isaac* shall attain the age of twenty-one years. At that
time, if they see cause, the mill and land to be sold, and
the proceeds thereof equally divided by the said *Isaac, Hi-
ram,* and *William M. Miller* (my wife, however, reserving
to herself her right of dower in said premises during her
natural life, and at her death to revert to the said *Isaac,
Hiram,* and *William*); but should either die before that
time, the whole to descend to the survivor; and should
there be any overplus remaining out of the rent, it shall be
put out on interest for the benefit of the children."

Further items give certain farms to his other sons, and
name his executors.

The will was duly proved, its validity is not disputed,
and the only question raised is upon the construction of
the last item above set out.

*William M. Miller* departed this life before *Isaac Miller* attained the age of twenty-one years. *Hiram* was alive at that time. And, under the will, at that time, if not at the death of the testator, we have no doubt, the home farm and grist mill devised to *Isaac, Hiram,* and *William M.,* and the survivor of them, vested in *Isaac* and *Hiram,* subject to the widow's right of dower. If the property did not vest till the coming of age of *Isaac,* then, at that time, *Isaac* and *Hiram* were tenants in common of it.

The clause commencing "my wife, however," we regard as parenthetical, and have marked it accordingly; but the concluding clause, commencing "and should there be any overplus," shows clearly that the point of time then in the mind of the testator was at least as early as that of the coming of age of his son *Isaac.* See *Moore* v. *Lyons,* 25 Wend. 119, and cases collected there.

And where, in the construction of such a clause of a will, there is a doubt as to which point of time it was intended the estate should vest, the earliest will be taken as being the most equitable to the heirs of all the devisees. See 4 Kent, 203, note; *Id.,* 205, 206; 2 W'ms on Ex., 798; *Doe* v. *Prigg,* 8 B. and C. 231.

In 1856, *Hiram* deceased without issue and intestate, but leaving a widow, his mother, and his brother, *Isaac.*

But in 1842, after the death of *William M., Isaac Miller* conveyed his undivided half of the property derived from the will, to one *John A. Cox,* and he inherited nothing from his brother *Hiram.* 1 R. S. p. 251, § 25.

The plaintiffs claim title through *Cox,* the grantee of *Isaac Miller,* and should have recovered to the extent of their interest in the land.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Baker* and *J. W. Foster,* for the appellants (1).

*L. Q. DeBruler,* for the appellees.

(1) Mr. *Baker,* in argument, construed the item as follows:

According to my construction of the will, the testator intended to make the following provisions, to-wit:

1. That the farm and mill should be rented out, and the rents applied to

keeping the premises in repair, and to the support of his widow, and to the support and education of his sons *Isaac, Hiram,* and *William,* until *Isaac* attained the age of twenty-one years.

2. At the majority of *Isaac,* the three sons might, in their option, sell the land, subject to their mother's right of dower, and divide the proceeds equally between them.

3. Should any or either of the sons die, before the death of the mother (and the land then remain unsold), the interest of the son or sons so dying, should go to the surviving brother or brothers.

After giving the three brothers the option of selling at the majority of *Isaac,* this language is used: "And the proceeds thereof to be equally divided by the said named *Isaac, Hiram,* and *William;* my wife, however, reserving to herself her right of dower on said premises during her natural life, and at her decease, to revert to the said *Isaac, Hiram,* and *William M. Miller;* but should either die before that time, the whole to descend to the survivor." We insist that the words "before that time," refer to the last event before mentioned, to-wit, the death of the wife. Such I think was the intention of the testator, and such is the grammatical construction of the language.

May Term, 1860.