In the Matter of the Estate of EDGAR M. VAN KLEECK,
Deceased.

ISAAC W. SHERRILL, as County Treasurer, etc., Appellant, *v.*
CHRIST CHURCH, of Poughkeepsie, Respondent.

The will of V. K., who died in 1887, directed his executors to purchase
$40,000 of U. S. bonds, and pay the income to his widow during life,
and upon her death to distribute and pay over $10,000 of said bonds, or
the proceeds thereof, to a certain church corporation "toward the build-
ing of a new church, or the renovation of the present one." *Held,* that
said legacy was subject to taxation under the Collateral Inheritance Act
(Chap. 483, Laws of 1885); that the interest of the church in said legacy
was personal property, and could not become real estate until actually
invested in real estate as directed by the will; that the exemption from
taxation of any building used for public worship (1 R. S. 388, § 4, subd. 3)
did not constitute a general exemption of the church from taxation within
the meaning of the exception in the Collateral Inheritance Act, "of
corporations and institutions now exempt by law from taxation."

Also, *held,* that the act of 1890 (Chap. 398, Laws of 1890), which pro-
vides that the personal estate of certain corporations, among which are
religious corporations, shall be exempt from taxation, and that the Col-
lateral Inheritance Act shall not apply to them, was not retroactive in
its operation, and so does not apply to this case, as the tax became due
and payable before the passage of that act.

Legislative acts are always construed as prospective in their operation
unless, by their plain language, it appears that it was the legislative
intention that they should have a retroactive effect.

*In re Van Kleeck* (55 Hun, 472), reversed.

(Argued June 16, 1890; decided June 24, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made February 10,
1890, which affirmed an order of the surrogate of Dutchess
county declaring a bequest under the will of Edgar M. Van
Kleeck, deceased, free from the collateral inheritance tax.

The following is the opinion:

"Edgar M. Van Kleeck died on the 6th day of January, 1887,
leaving a will which, among other things, provided as follows:

' I direct my executors * * * to purchase $40,000 of United States four per ct. Government bonds, *i. e.*, bonds representing at par $40,000, * * * and to pay the income and interest thereof to my wife quarterly during her life and upon her death to distribute and pay over said bonds or the proceeds thereof as follows : to Christ Church of Pough-keepsie, ten thousand dollars towards the building of a new church or the renovation of the present one * * *.'

" The county treasurer of Dutchess county claimed the collateral inheritance tax upon the legacy of $10,000 to Christ church. The surrogate held that the church was not liable to pay the tax, and from his order the county treasurer appealed to the General Term of the Supreme Court, where the order was affirmed upon the ground, as appears from the opinion there pronounced, that the $10,000, should be treated as if actually a church edifice, and that it was, therefore, exempt from taxation under the Revised Statutes (Part 1, chap. 13, tit. 1, § 4), which provide that ' every building for public worship ' shall be exempt from taxation.

" While the $10,000 was bequeathed to the church to be used for the building or renovation of a church edifice, it cannot be treated as real estate, but the interest of the church therein is personal property to be applied to the purpose mentioned in the will, and by no rule of equitable conversion can it become real estate until it has been actually invested in the real estate as directed. It must, therefore, be treated to all intents and purposes as a legacy of money, and the sole question for our determination is whether it is exempt from taxation under section 1 of chapter 483 of the Laws of 1885, which provides in substance that all property which shall pass by will, other than to or for the use of certain persons named, and the ' societies, corporations and institutions now exempt by law from taxation,' shall be subject to a tax of $5 on every $100 at the time of the death of the testator ; and also at the times when this tax was claimed, and the liability of the church to pay it was under consideration by the courts below, there was no law which exempted a church society from tax-ation. Christ church was not, as such, exempt from taxation. The only exemption that could be claimed for it was an

exemption of any building used by it for public worship, and that did not constitute a general exemption of the church from taxation, within the meaning of the Collateral Inheritance Act. (*Catlin* v. *Trustees of Trinity College*, 113 N. Y. 133.)

"This church was, therefore, liable to pay this tax unless it can claim exemption under the act chapter <u>398</u> of the Laws of the present year. That act provides that the personal estate of certain corporations, among which are religious corporations, shall be exempt from taxation, and that the Collateral Inheritance Act shall not apply to them. It is true that the state could by an act of the legislature duly passed release taxes already due. But legislative acts are always construed as prospective in their operation unless by their plain language it can be seen that it was the legislative intention that they should have retroactive effect. This act was clearly prospective in its operation, and applied only to the future, and as this tax became due and payable before its passage, it may still be enforced in the manner provided in the Collateral Inheritance Act.

"We are, therefore, of opinion that the order of the surrogate and of the General Term should be reversed, with costs of the appeal to the General Term and to this court."

*Martin Hermance* for appellant.

*Robert E. Talor* for respondent.

EARL, J., reads for reversal.
All concur.
Order reversed.