# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

VASHON'S EXECUTRIX v. VASHON AND OTHERS.

MARCH 15, 1900.

1. REMAINDERS—*Vesting of Estates.*—If the language of the instrument creating an estate leaves it doubtful whether the purpose was to create a vested or a contingent estate, the courts will hold it to be vested, and this is all that is meant when it is said that "courts lean to the vesting of estates."

2. ESTATES—*Grant to A for Life with Remainder to the Issue of His Body Per Stirpes.*—Under a grant to a trustee to hold for A for life, and at his death to sell the trust subject and divide the proceeds of such sale among the issue of the body of A, the same taking *per stirpes* and not *per capita*, upon the death of A, his surviving children and grandchildren take by stocks the whole of the trust subject. Children born to A, but who died in his lifetime, without issue, took no interest in the trust subject. Their interest was contingent upon surviving A.

Appeal from a decree of the Law and Equity Court of the city of Richmond, pronounced January 26, 1899, in a suit in chancery, wherein the appellee, Janie F. Vashon, was the complainant, and the appellant and others were the defendants.

*Affirmed.*

This suit was brought for the purpose of having a construction of a deed from John T. Sublett and wife to Edward W. Morris, trustee, bearing date October 31, 1850, and a sale of the property thereby conveyed, and a division of the proceeds of sale amongst those entitled thereto. The following is a copy of the deed which the complainant prayed to have construed:

Statement.

" This indenture made and entered into this thirty-first day of October, in the year of our Lord, one thousand and eight hundred and fifty, between John T. Sublett and Emily J. Sublett, his wife, of the first part, and Edward W. Morris, of the second part, and George S. Vashon, Martha V. Vashon, wife of the said George S., and Ann E. Vashon, child of the said George S. and Martha V. Vashon, of the third part; Witnesseth that the said parties of the first part for and in consideration of the sum of two thousand dollars to them in hand paid by the said party of the second and third parts, at and before the ensealing and delivering of these presents, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and do by these presents grant, bargain, sell and convey unto the said Edward W. Morris, his heirs and assigns a certain lot, piece or parcel of land lying and being in the city of Richmond bounded and described as follows, viz.: Beginning at a distance of fifty feet from the intersection of Madison street with Marshall street and running along the northern side of Marshall street, in a western direction, twenty-five (25) feet, thence at right angles and running back one hundred and fifty (150) feet to an alley, thence at right angles and running along said alley in an eastern direction twenty-five (25) feet, thence at right angles and running in a southern direction one hundred and fifty (150) feet to the beginning; being the same lot which was conveyed to the said John T. Sublett by Charles H. Powell and wife by their deed bearing date on the first day of August, 1848, and duly admitted to record in the clerk's office of the Court of Hustings for the city of Richmond, with all the buildings thereon, and the appurtenances thereto belonging or in any wise appertaining. To have and to hold the said lot, piece or parcel of land with the buildings thereon and the appurtenances thereunto belonging unto him the said Edward W. Morris, his heirs and assigns, to his and their only proper use and behoof forever, and the said parties of the first part, for themselves and their heirs the title to the

said pieces, parcel or lot of ground with the buildings thereon and the appurtenances thereunto belonging unto him the said Edward W. Morris, his heirs and assigns do by these presents warrant and will forever defend against the claims and demands of all persons whomsoever. Upon trust nevertheless and for the uses and purposes following, that is to say, that the said Morris, his heirs or assigns, or his successors in the office of trustee, shall permit the said Martha V. Vashon to use, occupy and enjoy the said property for the benefit of herself and the said Ann E. Vashon and any other children which she may hereafter have by the said George S. Vashon so long as she shall live, or to rent out the same and take the rents, issues and profits thereof to the support and maintenance of herself and her children by the said George S. Vashon as though she were a *feme sole* free from the control, contracts, debts and liabilities of the said George S. Vashon of any kind whatsoever, or upon being so required by the said Martha V. Vashon shall rent out the said property and apply the rents, issues and profits thereof to the support of the said George S. Vashon (as long as he shall live), and the said Martha V. Vashon and their children, whether now in being or hereafter to be born. And upon the death of the said Martha V. Vashon, if the said George S. shall survive her, to permit the said George S. Vashon to use and occupy the said property for the benefit of himself and his children, now born or to be hereafter born, either of the said Martha V. Vashon or of any other wife, or to rent out the said property and apply the rents, issues and profits thereof to the support and maintenance of the said George S. Vashon and his children as aforesaid. [But if upon the death of the said Martha V. Vashon the said George S. Vashon shall not be living, or if upon the death of the said George S. Vashon the said Ann E. Vashon shall not be living, then upon the further trust to sell the said property in such manner as may seem best to the said party of the second part,

his heirs, assigns or successors in the office of trustee to divide the proceeds of such sale among the issue of the body of the said George S. Vashon (the same taking per stirpes and not per capita), if such issue of his body there then be, and if there be no such issue then living to pay over the same to the heirs at law of the said George S. Vashon.] And upon the further trust that the said party of the second part shall, or his heirs and assigns or successors in the office of trustee, shall, when thereto required by such of the parties of the third part as may then be adult, by writing under their hands and seals duly executed for the passage of real estate make sale of said property hereinbefore described in the manner designated in such writing, and invest the proceeds of sale in other property, which other property shall be held in every respect as that which is hereinbefore described and conveyed. And if at any time the said party of the second part or any other person holding the office of trustee, should die or remove beyond the limits of the Commonwealth, or if from any other cause the adult parties of the third part shall desire the appointment of a new trustee upon the appointment of any other person to the office of trustee by the said adult parties of the third part by writing under their hand and seal sufficient for the passage of real estate, and the admission thereof to record, the duties and powers of the then trustee shall cease and determine as to him and shall be devolved upon the person in the said writing appointed, who shall be thereby fully substituted in the office of trustee.

"And it is hereby distinctly to be understood that in no event is the property hereinbefore mentioned or described, or which shall hereafter become the subject of this trust or the rents, profits, issues, interest or income thereof to be or become in any manner liable to the debts, contracts or liabilities of the said George S. Vashon.

" In testimony whereof the parties to this indenture have

hereunto set their hands and affixed their seals the day and year
first hereinbefore written.

JNO. T. SUBLETT.     [SEAL.]

EMILY J. SUBLETT.     [SEAL.]

*Cardwell & Cardwell,* for the appellant.

*L. O. Wendenburg, J. R. V. Daniel,* and *Jno. G. Pollard,* for
the appellees.

KEITH, P., delivered the opinion of the court.

The question for decision is upon the construction of a deed
made October 31, 1850, by which John T. Sublett conveyed to
Edward W. Morris certain real estate in the city of Richmond
upon certain trusts.

The decree appealed from held, first, that the name of Ann
E. Vashon, which appears in the sentence "or if upon the death
of the said George S. Vashon, the said Ann E. Vashon shall not
be living," should have been Martha V. Vashon, and of this
ruling, which was clearly right, no one is complaining.

It was further decreed that the only persons entitled to share
in the property now held under the deed, or the proceeds of the
sale thereof, are the children of George S. Vashon, Sr., living
at the time of his death, and the issue of those who were then
dead, and that these are to share *per stirpes.* In other words,
the court was of opinion that the children of George S. Vashon
took contingent remainders which were defeated upon their
death without issue during his life; while, on the other hand,
the contention of the appellant is, that the children of George S.
Vashon, living at the date of the deed, took a vested remainder,
subject to open and let in after-born children as they severally
came into being, and, upon the death of any such child without
issue, this vested remainder, being an estate of inheritance,
descended to George S. Vashon, the father, and passed under
his will.

We are of opinion that there is no error in the decree. It is true that courts lean to the vesting of estates, but this rule of interpretation means no more than that courts will hold that the estate vests where the language of the instrument to be construed is such as to leave it doubtful whether the purpose was to create a vested or a contingent interest. We do not understand that language will be strained in order to accomplish that result. *Miller* v. *Keegan*, 14 Ind. 502; *Guyther* v. *Taylor*, 3 Iredell Eq. 323; Jarman on Wills, 5 Amer. Ed., p. 406.

Passing by that part of the deed which deals with the life estate, and coming to that which disposes of the remainder, the trust declared is as follows:

" But if upon the death of the said Martha V. Vashon the said George S. Vashon shall not be living, or if upon the death of the said George S. Vashon the said Martha V. Vashon shall not be living, then upon the further trust to sell the said property in such manner as may seem best to the said party of the second part, his heirs, assigns or successors in the office of trustee, and to divide the proceeds of such sale among the issue of the body of the said George S. Vashon, the same taking *per stirpes* and not *per capita*, if such issue of his body there should be, and if there be no such issue then living, to pay over the same to the heirs-at-law of the said George S. Vashon."

This clause directs the trustee to sell, upon the death of Martha V. and George S. Vashon, or the survivor of them. It describes those who shall be entitled to participate in the proceeds, who are declared to be such of the issue of the body of George S. Vashon as should be living at that date, to take *per stirpes* and not *per capita*, that is to say, the descendant, if any, of a deceased child to stand in the shoes of its parent, and if there be no such issue then living, that is, upon the death of both the life tenants, George S. and Martha V. Vashon, then

the heirs at law of George S. Vashon. George S. Vashon had a numerous family of children, some of whom died during his lifetime, unmarried and without issue. As their interest under the deed was dependent upon their being alive at the death of their father, who survived Martha V. Vashon, a contingency which never happened, they had no estate which their father could inherit. *Nash* v. *Nash,* 12 Allen, 345; *McGraw* v. *Davenport,* 6 Port. (Ala.), 319; *Augustus* v. *Seabolt,* 3 Metc. (Ken.), 155; *Price* v. *Hall,* L. R. 5 Eq. 399; Graves on Real Property, Pt. 1, p. 190 and note.

The case of *Cooper* v. *Hepburn et als,* reported in 15 Gratt., at page 559, which seems to be relied upon by appellant, is wholly different from this. There the devise was to M during his natural life, and to his children if he should have lawful issue, and it was held that upon the birth of the first child of M the remainder vested in it subject to open and let in after-born children as they severally came into being.

Nor does this case belong to that class in which the instrument creates a present interest, but postpones the period of enjoyment.

The decree is affirmed.

*Affirmed.*