THE PROVIDENT HOSPITAL AND TRAINING SCHOOL ASS'N

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 25, 1902.*

1. INHERITANCE TAX—*amendatory act of 1901 is not self-executing.* The act of 1901, (Laws of 1901, p. 268,) exempting from the Inheritance Tax law gifts to any hospital, religious or charitable society, is not self-executing, since it is provided that such exemption shall not extend to any corporation which has the right to make dividends or distribute profits among its members, and hence the county court must determine the character of the beneficiary.

2. SAME—*when legacy is subject to inheritance tax.* A tax under the Inheritance Tax law becomes due and payable at the death of the testator, and hence if the testator died before the amendatory act of 1901, exempting legacies to hospitals, took effect, the county court has power to make the appraisement and assessment upon a legacy to a hospital, given by the will, and the tax may be enforced even though the will was not probated before the act took effect.

APPEAL from the County Court of Stephenson county; the Hon. W. N. CRONKRITE, Judge, presiding.

CHURCH, McMURDY & SHERMAN, for appellant.

H. J. HAMLIN, Attorney General, (LOUIS H. BURRELL, State's Attorney, and E. S. SMITH, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This appeal is prosecuted to reverse an order of the county court of Stephenson county, made on April 28, 1902, confirming an order of the judge of that court assessing a legacy tax on the bequest to the appellant by the will of William S. Caldwell, deceased, under the provisions of the statute approved June 15, 1895. The regularity of said order or judgment is challenged on the single ground that the amended act of May 10, 1901, exempts said legacy from the tax.

There is no controversy as to the facts. Dr. William S. Caldwell resided at Freeport, in Stephenson county, where he died June 7, 1901, leaving a last will and testament, making the Provident Hospital of Chicago his residuary legatee. The will was duly probated and letters testamentary issued to the executors therein named by the probate court of Stephenson county July 10, 1901. On November 4 thereafter the executors applied to the county judge, under the provisions of section 11 of the act of 1895, (Hurd's Stat. 1899, p. 1462,) for the appointment of Henry M. Barnum as appraiser, and he was duly appointed. On the 29th of the same month he made his report, which was confirmed by the county judge, ascertaining and fixing the valuation of the several interests passing under said will to the respective legatees and the amount of legacy tax on each interest. By that report and order of approval the value of appellant's residuary legacy was fixed at $26,651 and the amount of the legacy tax thereon at $1332.55. From that order, on January 4, 1902, appellant appealed to the county court under the provisions of said section 11, which court, after a hearing and argument, affirmed the order of the county judge.

No question is made as to the regularity of the proceedings under which the tax was levied. It was done upon the motion of the executors of the will, and no objection was urged thereto by appellant prior to taking its appeal to the county court. Before this appeal, and

after the order of the county judge, the tax was fully paid to the county treasurer of said county without objection on the part of appellant or any one else interested therein.

The amendment to the Inheritance Tax law of 1895, approved May 10, 1901, (Laws of 1901, p. 268,) is as follows:

Section 1. "That an act entitled 'An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same,' approved June 15, 1895, in force July 1, 1895, be and the same is hereby amended by adding thereto an additional and new section, exempting certain grants, gifts and bequests therein named, to be known as section 2½, as follows:

"Sec. 2½. When the beneficial interests of any property or income therefrom shall pass to or for the use of any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members."

It is conceded that this amendment did not go into effect until July 1, 1901,—nearly a month after the testator's death, although his will was not probated until the 10th of that month. It may also be conceded that the facts show that the appellant belongs to the class of institutions mentioned in said section 2½, and that the gift to it would not have been subject to the tax under its provisions if the testator had died after the amendment went into effect.

Admitting that the amendment, upon taking effect, operated as a repeal, *pro tanto*, of the original act so far

as it provided for a tax upon this and similar institutions, the question must still remain, did the repeal have the effect of taking away the right which had already accrued to the State under the former statute? This, counsel concede; but their proposition is, that the amendment deprived the county judge of all power and jurisdiction to entertain any proceeding or make any order for the ascertainment or collection of an inheritance tax upon any property of the character therein described,—that it operated *eo instanti* to preclude any such proceeding. It is not denied that upon the death of Dr. Caldwell, on June 7, 1901, the property bequeathed to the appellant became immediately impressed with the liability to the tax under the act of 1895, but it is said that on the first day of July the property came under the operation of this amendment, which declares it shall not be subject to any such duty or tax. This position, however plausible, is, we think, unsound. By the provisions of the original act the tax in question became due and payable at the death of the testator, and was a lien upon the property bequeathed to the appellant from that date. (Hurd's Stat. 1899, sec. 3, p. 1461.) The right of the State to collect it was then complete. It is true, the statute contemplates that the tax may not be immediately paid, but it accrues from the date of the death. There is nothing in the language of the amendment to indicate a legislative intent that it should have a retroactive effect. Like all other statutes, in the absence of such language it must be treated as prospective.

In *Sherrell* v. *Christ Church of Poughkeepsie*, 121 N.Y. 701, it was held that the statute of that State of 1890, (chap. 553,) providing that the personal estate of certain corporations, including religious corporations, shall be exempt from taxation and that the Collateral Inheritance act shall not apply to them, did not apply to a tax due and payable before its passage. In the opinion it is said: "The act provides that the personal estate of certain cor-

porations, among which are religious corporations, shall be exempt from taxation and that the Collateral Inheritance act shall not apply to them.  It is true that the State could, by an act of the legislature duly passed, release taxes already due; but legislative acts are always construed as prospective in their operation, unless by their plain language it can be seen that it was the legislative intention that they should have retroactive effect. This act was clearly prospective in its operation and applied only to the future, and as this tax became due and payable before its passage, it may still be enforced in the manner provided in the Collateral Inheritance act." (See, also, DosPassos on Inheritance Tax Law, sec. 69, p. 423; Greene on Taxable Transfers, 141.)

To admit that the effect of the act under consideration was not to take away the right to the tax, and at the same time insist that there was left in the county judge and county court no jurisdiction to levy and collect it, seems unreasonable.  The amendment does not, by its terms, absolutely exempt all property given to the class of corporations and societies therein mentioned, but provides that it "shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members."  In other words, the amendment is not self-executing.  Section 11 of the original act provides that the county judge shall appoint a competent person as appraiser, who shall make a report of the value of the property to the county judge, from which report he (the county judge) shall fix the cash value of all estates, etc., and shall immediately give notice, by mail, to all parties interested.  The same section further provides that any person dissatisfied with the appraisement or assessment may appeal from the decision of the county judge to the county court.  Section 13 provides that "the county court in the county in which the real property is situated of the decedent who was not a resident of the State or in the county of which the deceased

was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this act, and the county court first acquiring jurisdiction hereunder shall retain the same to the exclusion of every other." The amendment does not repeal either of these sections, nor is there anything in its provisions inconsistent with them. In fact, it would seem that the county court, under this statute, may have jurisdiction of every case which arises under that section. It must, if contested, be determined whether the legatee or devisee is a hospital, religious, educational institution or society, and if a corporation, whether it "has the right to make dividends or distribute profits or assets among its members." These are questions relating to the tax, and of which the county court is given jurisdiction by section 13, *supra.* It is doubtless true that where a statute confers special jurisdiction upon a particular tribunal, the repeal of the statute takes away all right to proceed under it, even in matters pending at the time of the repeal. But the amendment of May 10, 1901, did not repeal the statute of 1895 in so far as it confers jurisdiction upon the county judge and county court. It only operated as a repeal of so much of section 1 of that act as subjected to a legacy tax, gifts to charitable institutions. It left all the jurisdiction and proceedings authorized by the former act in full force and effect. The statute being prospective and not affecting the validity of the tax in question, the jurisdiction of the county judge and county court to make the appraisement and assessment remained in full force. The tax becoming due and payable before the passage of the amendment, it may still be enforced in the manner provided in the act of 1895. *Sherrell* v. *Christ Church of Poughkeepsie, supra.*

The judgment of the county court will be affirmed.

*Judgment affirmed.*