Geiger, J.
Asa S. Bushnell died testate on the 15th day of January, 1904. His will was probated on the 22d day of January, 1904, and letters testamentary thereupon issued to the executors named in said will.
The testator in his will devises certain personal property and real estate in fee simple to his wife, Ellen L. Bushnell; also certain real estate to his son, John L. Bushnell, upon complying with certain conditions to be performed by him at any time within five years. Certain smaller bequests are made of personal property. The residuary clause devises all the rest and residue of the testator’s estate to his wife and three children in fee. The power is given to the executors to sell real estate not specifically devised, and distribute assets in kind. No bequest *675 is made by the testator of any interest contingent upon any life estate, all bequests being made in fee, and the only conditions imposed upon any are those imposed upon the son, to pay certain charges against real estate within the term of five years.
The inventory of the estate discloses chattel property valued in the neighborhood of two million dollars, and the real estate devised was worth at least two hundred thousand dollars. The executors, in pursuance of their trust, distributed the personal estate of said decedent, as directed by the will, after the passage of the act “to impose a tax upon the right to succeed to or inherit property,” approved April 25, 1904, Yol. 97, page 398, Ohio Laws.
The executors filed their final apeount on the 12th day of December, 1904, nnd the same was set for hearing on the 12th day of January, 1905. Having some doubt as to the liability of said estate to pay the direct inheritanse tax, the executors filed in the probate court, on December 15, 1904, an application praying that the court find that the estate is not chargeable with the direct inheritance tax.
The auditor of state, through a representative of the attorney-general, appeared to contest this claim of the executors, and the question has been argued at great lngth both orally and by brief, and submitted to the court.
Section 1 of the act, stripped to its skeleton, provides as follows :
‘ ‘ The right to succeed to or inherit' property within the jurisdiction of this state * * * which shall pass by will or by the inheritance laws of this state, or by deed, # * etc., * * * to the use of certain relatives of a descendant, shall be taxed * * * ; and all administrators, executors and trustees shall be liable for all such taxes, with interest, as hereinafter provided, until the same shall have been fully paid. Such taxes shall become due and payable immediately upon the death of the decedent, and shall at once become a lien upon said property.”
It is evident that the word “descendant” above quoted should read “decedent.” ■
*676 It is claimed upon the part of the executors that, Gov. Bushnell having died prior to the 25th day of April, 1904, the right to receive any portion of his estate by those designated in the will is not subject to the direct inheritance tax. Upon the part of the state, while it is conceded that the right to succeed to or inherit the real estate devised by said will is not subject to the tax, it is claimed that the right to succeed to the personalty, which was administered by the executors and distributed subsequent to the passage of said act, is subject to the tax.
It is evident that the statute intends to cover the disposition or devolution of property, either of a.testate or intestate, and that given by grant to take effect after death, although the words used “to succeed to or inherit” do not strictly embrace all such transmissions of property.
“A succession tax may be defined as a governmental impost duty or excise upon the privilege secured by law to devisees, legatees, grantees, heirs and personal representatives of taking, holding and enjoying all property real and personal or any interest therein, passing by will, by intestate laws or by grant or gift made inter vivos, and intended to take effect at or after the death of the grantor.
‘ ‘ The succession tax is also variously called a succession duty, a legacy tax, a collateral inheritance tax, and a transfer tax.” 27 Am. & Eng. Ency., 337.
‘ ‘ Succession duty is a tax placed on the gratuitous acquisition of property which passes on the death of any person by means of a transfer (called either a disposition or a devolution) from one person (called the predecessor) to another person (called the successor).” Hanson’s Death Duties, 40.
It is thus seen that these taxes can very properly be denominated ‘1 Death Duties, ’ ’ as the death of some one is the occasion of their imposition, though the right of succession is the thing taxed.
It is argued by the executors that to tax the right to succeed to or inherit the property of this decedent distributed after the passage of the act, he having died prior thereto, would be retroactive and contrary to the Constitution. This tax is a tax upon a right or franchise — the right to receive property. If the Legis *677 lature should see fit to tax the right of the distributee to take possession of the personal property after the same had been administered by the executors, I do not believe that such provision would be unconstitutional. Our Supreme Court, in the ease of State, ex rel, v. Ferris, in 53 O. S., page 314 (on page 325) say:
“Properly understood, it is not the right to transmit, but the right and privilege to receive, that is taxed. When the right to receive the property is considered, it is clear that the right is distinct and separate from the property itself, and the state may tax this right to receive property, and this is so whether the property is disposed of by the owner during his lifetime or at his death. This right to receive property is under the control of the Legislature, and it has the power to regulate and lay such burdens thereon as it may see fit, within the provisions of the Constitution.”
And on page 335:
“It follows, therefore, that imposing the t'ax in question upon the right to receive property, does not render the act unconstitutional. ’ ’
An act imposing a tax upon an estate probated but not distributed before the passage of the act, is constitutional, as it is perfectly competent for the state to tax at any time during the course of administration and before final distribution, although the property may have vested at the death of the deced-at. Gelsthorpe v. Furnell (Mont.), 39 L. R. A., 170-175; In re Seamen, 147 N. Y., 69-73; Carpenter v. Com., 17 Howard, 456.
°As is said in Section 69, Dos Passos on Inheritance Tax Law, “the question as to whether an estate vesting or undistributed before the passage of the act becomes subject to taxation, seems to be purely one of legislative intent. Acts which impose a tax upon estates vesting or undistributed before such acts become operative, though retroactive, are held to be constitutional.” Our own Legislature has recognized this principle in the amendment to the collateral inheritance tax, Yol. 94, page 101, Ohio Laws, in which the second section provides that the exemptions provided for in the act shall extend to all property falling within *678 the terras of the exemption, including such as may have passed or vested prior to the passage pf this act, and on which such taxes have not been paid.
It is true that in this act it was a release by the state of the right to taxes which would be payable to it had not the amend ' ment passed; but I have no doubt that had the same terms been used to impose an additional burden upon estates in process of administration, rather than releasing a burden, that it still would have been constitutional. Orr v. Gillman, 183 U. S., 278; Carpenter v. Com., 17 Howard (U. S.), 456; Matter of Dows, 167 N. Y., 227; Gelsthorpe v. Furnell, 39 L. R. A., 170; Ferry v. Campbell, 110 Iowa, 290 (81 N. W., 604); Herriott v. Potter, 115 Iowa, 648 (89 N. W., 91).
Taking this view, the question now before the court is not whether the state would have the power to tax the distribution of an undistributed estate of a decedent dying prior to the passage of the act; but whether, in fact, by the act as passed, the state has levied such a tax. In considering this point, it is maintained by the state of Ohio, that as to personal property, the term “the right to succeed to” is synonymous with the right to receive possession of; that the right to succeed to an estate is not fixed nor completed until the distributees have received from the executors or administrators the actual manual possession of the estate. The executors, on the other hand, claim that whatever right the legatees had, became fixed and absolute, subject to the fiduciary control of the executors, instantly upon the death of the testator; and having been so fixed before the passage of the act, the tax imposed by the act will not affect such rights.
In considering this question, it may be well to state some general principles.
“Special taxes, such as inheritance taxes, are to be construed most strictly against the state and in favor of the tax-payer.” 27 Am. & Eng. Ency., 340, and cases cited there.
It is a well-settled rule that citizens can not be subjected to special burdens without a clear warrant of law. Matter of Enston, 113 N. Y., 174-178; Matter of Stewart, 131 N. Y., 274.
*679 “Acts imposing tax duties of any kind are not to be extended by doubtful interpretations, but are to be construed by the rule that every charge upon the subject must be created by clear, unambiguous words.” Green v. Holway, 101 Mass., 243, 248.
“Laws imposing duties are not construed beyond the natural import of the language; and duties are never imposed upon citizens upon doubtful interpretation.” Adams v. Bancroft, 1st Fed. Cases, No. 44.
“The courts of the United States are not at liberty, by construction or legal fiction, to include subject's of taxation not strictly within the law.” U. S. v. Watts, 28 Fed. Oases, No. 16653.
Statutes levying taxes or duties on subjects or citizens are to be construed most strictly against the government, and in favor of the subjects or citizens, and their provisions' are not to be extended by implication beyond the clear import of the language used. U. S. v. Wickham, 28 Fed. Cases, No. 16689; U. S. v. Wiggleworth, 2 Story, 369; Clapp v. Mason, 94 U. S., 589.
Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intent of the Legislature can not be otherwise satisfied. Chew Heong v. U. S., 112 U. S., 559; U. S. v. Heath, 3 Cranch, 396; Bryant v. Merrill, 55 Me., 515; Folsom v. U. S., 21 Fed. Rep., 37; Kelly v. Kelso, 5 O. S., 198; State, ex rel, v. Pursell, 31 O. S., 358; Bairden v. Holden, 15 O. S., 207-210.
Statutes are not to have a retroactive operation unless the Legislature has explicitly declared that they shall have that effect, or such intention clearly appears by necessary implication from the terms employed, considered in relation to the subject matter, the present .state of the law, the object sought to be accomplished and the effect upon existing rights and obligations. Appeal of Lombard, 88 Me., 587; 34 Atlantic Rep., 530.
“The law in force at the time of the death of the decedent governs the imposition of the tax. Neither an original nor an amending nor a repealing act can operate retroactively so' as *680 to affect the rights vested at the time of its passage unless the act itself expressly so provides.” 27 Am. & Eng. Ency., 341, and cases cited.
I think that the principles above stated are clearly established throughout the United States and fix the rule that, in considering the present statute, a strict construction should prevail against the state. The will of Grov. Bushnell, disposing of his property in fee, eliminates from our consideration any question of the vesting of the property other than such as would arise in considering the vesting of property left by an intestate.
When is the right of succession complete? The term “succession” has been defined to be synonymous with the passing of the property of an intestate by descent and distribution (27 Am. & Eng. Ency., 293). Our statute of descent and distribution, Section 4158, R. S., provide® “when a person dies intestate, having title to real estate, such estate shall descend and pass as follows.” Section 4163, R. S., relating to the distribution of personal estate, provides that “when a person dies” intestate, leaving personal property, such personal property shall be distributed in the manner prescribed. All statutes relating to descent or distribution provide that “when a person dies,” his property shall descend or be distributed. When property is disposed of by will, after the will is probated the vesting of the property relates back to the date of the death of the testator. •
While the question of the date of the vesting of the personal property has not been as frequently discussed in the state of Ohio as in some other states, yet we find it touched upon in a number of cases. In the case of Conger v. Barker, 11 O. S., page 1, the proposition is discussed relative to the time of vesting of a widow’s interest in a deceased husband’s estate, which is now provided for in Section 4163, R. S., relating to the distribution of personal property. The question raised there was that the widow’s interest in her husband’s estate vested only upon distribution. The court discusses the- law at length, and on page 15, says:
“Our statutes of descent and distribution contemplate only existing representatives, at the time of the decease of the intes *681 tate, and the title vests instanter in the legal representatives upon the demise of the intestate, subject only to the fiduciary title of the administrator.”
In Armstrong v. Grandin, 39 O. S., 368, the syllabus is—
“Subject to administration on the personal estate of an intestate, the right of a distributee vests at the death of the intestate. Upon the death of such distributee before distribution, the rights pass to his or her personal representatives.”
In Linton v. Laycock, 33 O. S., 128, it was held that—
“The law favors the vesting of estates, and in the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator, unless a condition precedent to such vesting is so clearly expressed that the estate can not be regarded as vested, without directly opposing the terms of the will. To this end, words of seeming condition will, if they can bear that construction, be held to have the effect of postponing the right of possession only, and not the present right to the estate.”
So in Bolton v. Bank, 50 O. S., 290-293, the court said:
“ It is the settled rule of this court to construe all devises and bequests as vesting in the devisee or legatee at the death of the testator, unless the intention of the testator to postpone the vesting to some future time is clearly indicated in the will.”
In Banning v. Gotshall, 62 O. S., page 210, the court said:
“Upon the death of a legatee intestate before the payment of the legacy, the right to receive payment belongs-to his personal representatives, unless a different disposition is made by the will; and the liability of the executor therefor to the personal representatives is not discharged by payment to the heir.”
The argument in this ease is that the title to personal property vests at the time of the death of decedent, and not at the time of distribution.
Even though the bequests in this will had been subject to a life estate, yet they would have been vested legacies if there had been no contingency applying to the gift itself.
*682 ‘ ‘ The distinction between vested and contingent legacies is that in the case of the former the contingency applies to the payment merely; in that of the latter it applies to the gift itself. It is not necessary to the vesting of a legacy that it be capable of present enjoyment in possession. It is vested when the gift is immediate in interest óf a present right of enjoyment to a person capable of future reception in possession on the happening of some event which is certain. If the contingency is attached to the time when the thing or right is to be enjoyed, it is vested, the contingency referring merely to the payment or division.” Richey v. Johnson, 30 O. S., 288-294.
“The law is said to favor the vesting of estates; the effect of which principle seems to be, that property which is the subject of any disposition, whether testamentary or otherwise, will belong to the object of the gift immediately on the instrument taking effect, or so soon afterwards as such object comes into existence', or the terms thereof will permit.
“As, therefore, a will takes effect at the death of the testator, it follows that any devise or bequest in favor of a person in esse confers an immediately vested interest.” 2 Jarman on Wills, Chap. 25, Section 1, and cases cited in the foot note; also Hawkins on Wills, star page 237. The early vesting of an estate is favored. Collins v. Collins, 40 O. S., 353; Renner et al v. Williams, 71 O. S. (Ohio Law Rep., No. 46, Yol. 2, p. 171); McArthur v. Scott, 113 U. S., 340; Miller v. Kegan, 14 Ind., 502; Harris v. Carpenter, 109 Ind., 540; Heilman v. Heilman, 129 Ind., 59, 63; Doe v. Considine, 6 Wall., 458; Tindall v. Tindall, 167 Mo., 225; Letchworth’s Appeal, 30 Pa. St., 175; Ducker v. Burnham, 146 Ill., 9; The People v. McCormick, 208 Ill., 437; Sayler v. Best, 140 N. Y., 368; Byrne v. France, 131 Mo., 639; Cartensen’s Estate, 196 Pa., 325; Seller v. Reed, 88 Va., 377.
In the state of Massachusetts the question has been frequently and. clearly decided.
“It seems to be very clearly settled, and by uniform current of authorities, that the distributive share in an intestate’s estate immediately upon the death of intestate vests in the heir at law, and in the case of his decease before a decree of distribution, the share belonging to him would go to his personal representatives.” Hayward v. Hayward, 20 Pick., 517-519.
The interest of a legatee or distributee vests at the time of the death of the testator, so that he has a claim against the *683 executor which, does not depend upon any contingency, the only uncertainty being as to the amount. Wheeler v. Bowen, 20 Pick., 563; Holbrook v. Waters, 19 Pick., 354; Capan v. Duggan, 136 Mass., 501; Gelsthorpe v. Furnell, 39 L. R. A. (Mont.), 170 (51 Pac. Rep., 256).
In the ease of Bank v. Waite, 150 Mass., 234, Oliver Wendell Holmes, now on the Supreme bench of the United States, says:
“It is settled that a debtor’s distributive share of an estate in the hands of an administrator may be attached by process as soon as the administrator has given bond. The lien takes effect and reaches the whole interest of the debtor in the personal estate that may eventually come into the hands of the administrator. The reason is that the interest of the devisee vests at the death of the decedent. ”
In the case of Sampsell v. Sampsell, 17 O. C. C., 455, it was held that the interest of a legatee is subject to attachment before order of distribution. But as to the right of attachment see Orlopp v. Schuller, Admr., 71 O. S.,-.
Some light may be thrown upon the question by considering the fact that in the levying of inheritance tax only the property of which the decedent was actually seized or possessed at the the time of his death is taxable, and not the increase or income thereafter obtained from the property. 27 Ency., 355; Matter of Vassar, 127 N. Y., page 1; Matter of Davis, 149 N. Y., 539; In re Williamson’s Estate, 153 Pa. St, 508 (26 Atlantic, 246); In re Lines’ Estate, 155 Pa. St., 378 (26 Atlantic, 728).
In the case of Hooper v. Bradford, 178 Mass., 95, the opinion was delivered by Justice Holmes. In that case the decedent died leaving stock worth $120,000, which at the time of distribution was worth $170,000, and the income therefrom had been $60,000, which increase and income was sought to be taxed. The court says—
“The time when the property passes under the deed is not later than the death of the grantor. The same is true in the case of a will. It is true that in the latter instance the' interest is subject to an account, but still it is an interest in the fund, as it is analogous to that of a cestui que trust, and vests at'the death of the testator.”
*684 The court held that the increase was not subject to the tax.
It is a well-settled principle that an amendment to an inheritance tax law will not control the levying of a tax upon the devolution of an estate where the decedent died prior to the amendment; and this is so even when the amendment releases a burden which was imposed by the law in force at the time of the decedent’s death, unless the amendment states that it is to govern the estate of .those dying prior to the amendment (Hospital v. People, 198 Ill., 495; Sherrill v. Church, 121 N. Y., 701; In re Miller, 110 N. Y., 216.
In re Seamen, 147 N. Y., 69, the testator died in 1876, giving his estate to his widow for life, and at her death to such of the children of his nephew as might be living at the time of the death of the widow. The widow died in 1892. There was no tax imposed in 1876, but there was in 1892. It was held that the estate vested at the death of the testator, and not at the death of the life tenant; that the children of the nephew took vested interests subject to be divested to let in after-born children, or to be defeated by the death of the children before the death of the life tenant. The court holds that the class was certain, but the individuals could not be ascertained until after the death of the life tenant, and that the right of succession passed by the will, but was contingent as to specific legatees, and the remaindermen were beneficially entitled to the estate at the death of the testator, and that there was no liability to under the tax law.
But see Sinton v. Boyd, 19 O. S., 30; Richey v. Johnson, 30 O. S., 288.
In People v. Langdon, 153 N. Y., 6, the testator died before the passage of the inheritance law, leaving property to a life tenant with power to disposition. The property not disposed of was to go to certain legatees. No power was exercised, and it was held that, there being no tax at the time of testator’s death, the estate could not be governed by the tax law existing at the time of the death of the life tenant.
In Lombard’s Appeal the testatrix died on the 25th of October, 1892, and her will was filed on June 5, 1893, an inheritance law having been passed on February 9, 1893. The court held that the estate was not subject to the tax in spite of the *685 fact that the will was not probated till after the passage of the law. This is an instructive case. Appeal of Lambard (34 Atlantic, 530), 88 Me., 587.
I think that there can be no doubt that in the case at bar the interests of the various legatees were vested absolutely upon the death of the testator, and that the duty of the executois was merely to administer the estate in compliance with the will of the testator, and pay the legacies as provided in the will. The right to succeed to or inherit the property of Governor Bushnell was absolutely and unalterably fixed at the instant of his death, and there was nothing that could then be done to change or alter or delay the vesting of the various interests. The control of the executors was merely fiduciary, and their action or lack of action could in no way alter, enlarge or diminish the vested right of those entitled to the property under the will, be .the same real or personal. It is true that the right of enjoyment in possession of the personalty was to be postponed | until the executors had performed such duties as are imposed upon them by law and the will of the testator.
The law on its face indicates in many of its provisions that it should not apply to the estate of this testator. The taxes imposed are to become due and payable immediately upon the death of the decedent, and at once .became a lien, upon the property. If, as contended by the state, “the right to succeed to” is postponed until the time of the distribution, then the law presents the anomaly of requiring the tax to become a lien before the right on which the tax is imposed has come into existence. The law fixes the date of death as the date of the lien. By the argument of the state the time when the tax would operate might be postponed almost indefinitely by the failure of the executors to distribute the estate.
After the death of decedent a penalty attaches, and if the taxes are not paid at the expiration of eighteen months from the death of decedent, the prosecuting attorney shall institute proceedings for collection. By law the executors are not required to distribute the estate for eighteen months after their appointment, and according to the claim of the state the tax could not be imposed until that distribution. But according *686 to the provisions of the law the state would immediately proceed by action to collect a tax upon a right which had just then come into existence. A discount is offered as reward for payment before the termination of a year after the death of decedent. If the claim of the state is correct this premium is offered for the payment of taxes before the right taxed has any being. Section 5 provides that administrators shall have the right to sell an estate to pay the taxes, in the. same manner as they are empowered to for.the payment of debts. By what reasoning can it be urged that executors can have the right to sell the estate of a decedent for payment of taxes which would not arise until the distribution of the estate? Section 6 provides that within ten days after filing of an inventory a copy shall be forwarded to the auditor of state who shall collect the taxes. But the inventory, by law, must be filed within ninety days after the death of decedent. Section 13 provides that no final settlement of the account of any executor shall be accepted unless it shall show, and the court shall find, that the" taxes imposed have been paid. And yet the executor can not in safety distribute the estate until the filing of his final account or subsequent thereto.
To impose the rule urged by the state would inevitably work great inconvenience and inequality. Some estates are settled more promptly than others. Some are simple in their administration and others complicated. To make the period of distribution the time for fixing the liability for the tax would make the estates of some dying before the date of the act exempt from and others subject to the tax, with no other distinction between them than that in one ease distribution had been made and in the other that it had not. The Legislature never contemplated such a distinction.
Altering somewhat the language of the Supreme Court of Maine in Appeal of Lambard, 34 Atlantic Rep., 530, 531, the opinion of the court as applied to the ease at bar would be as follows, the changes being indicated by brackets.
“The practical enforcement of the act upon the estates of those [who died prior to April 25, 1904] would necessarily result in great inequality. The liability to taxation would in *687 many instances be determined by tbe fact whether [the distribution of the personal property had been made prior to the passage of the law.] The estate [in which a distribution had been made] on that day would be exempt from taxation while the estate [in which the distribution] from necessity or otherwise might be delayed till after that date would be subject to taxation under this act. It is unnecessary to impute to the Legislature a purpose to frame legislation which would thus have the practical effect to disturb vested rights and create a test of liability thus dependent upon accident and chance. The provisions of the act afford abundant opportunity for the fulfillment of the Legislature’s intention Dy giving it a prospective operation only and restricting its application to the estates of those dying after the act took effect. ’ ’
Marin & Martin, for the executors and Ellen L. Bushnell and John L. Bushnell.
Bowman & Bowman, for Fannie B. MeGrew and Harriet B. Dimond.
Boscoe J. Mauck and John B. MeGrew, for the state.
It may be answered that the case of Hostetter v. State, (Darke County Circuit Court) reported in Vol. 5 C. C.— N. S., 337, has sustained a tax upon tlm estate of a decedent who died twenty years prior to the passage of the present law. But that ease is decided upon the construction of the will of the testator, holding that the estate did not vest, and that there was no right to succeed until after the death of the life tenant subsequent to the passage of the present law. But even under circumstances of that case it is difficult to "see how the tax can be sustained without entirely disregarding the provisions of the law, which clearly relate to the time of the death of decedent. All of the provisions of die law as to the time limitations relate to the death of decedent, from whom the estate came, not from the death of the life tenant.
The decision of the court in this case will be that the right to succeed to and inherit the estate of Asa S. Bushnell is not subject to a direct inheritance tax.